**GONZALEZ v. UNITED STATES.**
No. 4802.

United States Court of Appeals,
First Circuit.
Feb. 26, 1954.

Claudio Gonzalez Rodriguez, pro se, on brief for appellant.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., on brief for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MAGRUDER, Chief Judge.

Though the notice of appeal in this case is inartistically drawn and perhaps technically defective, we read it indulgently in the light of the record, and take it to be, what it no doubt was intended to be, an appeal from an order of the district court denying a motion by appellant under 28 U.S.C. § 2255 to vacate a judgment of conviction in which a sentence of five years' imprisonment was imposed for a narcotics offense under 26 U.S.C. § 2553. It is conceded by the government that the appeal is timely. *Mercado v. United States*, 1 Cir., 1950, 183 F.2d 486.

We disregard allegations in appellant's brief and appendix thereto having no support in the record. The record before us is brief and presents a simple situation. Upon arraignment in the district court, Claudio Gonzalez Rodriguez, being advised by counsel, signed a waiver of indictment, and pleaded guilty to an information filed by the United States Attorney. After a short statement by the prosecutor as to the defendant's prior criminal record, the court forthwith imposed the sentence of imprisonment, in a judgment entered October 26, 1951.

On September 15, 1953, appellant filed in the district court his motion under 28 U.S.C. § 2255 to vacate the aforesaid judgment of conviction. The sole ground stated in the motion for attacking the validity of the judgment is the allegation that "the evidence on which the conviction rests was illicit", in that it was procured in the course of an unconstitutional search and seizure. It is not even claimed in the motion that appellant was innocent of the offense charged.

But the judgment of conviction does not rest on evidence turned up in an unlawful search and seizure but, rather, upon the plea of guilty. The judgment of conviction upon the plea of guilty cannot be held to be void, and thus open to attack on *habeas corpus* or on a motion under 28 U.S.C. § 2255, a substituted remedy provided by Congress for correcting erroneous sentences without resort to *habeas corpus*. If one is guilty, there is nothing wrong in pleading guilty—nor is there error by the court in accepting such a plea and sentencing the accused thereon—even though it might be true that the government would have been unable to establish the accused's guilt had he pleaded not guilty.

The order of the District Court is affirmed.