265 F.2d 241
 UNITED STATES of America
v.
Francis Xavier MORIN, Jr., George Riston, Francis William Stiefvater and Boris Chorney.
Francis Xavier Morin, Jr., Appellant.
UNITED STATES of America
v.
Thomas Franklin MALEK, Francis X. Morin, Jr., George Riston.
Francis Xavier Morin, Jr., Appellant.
 No. 12737.
 No. 12738.
 United States Court of Appeals Third Circuit.
 Argued January 9, 1959.
 Decided March 31, 1959.
 
 William A. Gershuny, Pittsburgh, Pa., for appellant.
 W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa. (Hubert I. Teitelbaum U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.
 Before BIGGS, Chief Judge, and GOODRICH and STALEY, Circuit Judges.
 STALEY, Circuit Judge.
 
 
 1
 These are appeals from the denial of appellant's second motion presented under Section 2255, 28 U.S.C.[1] It was entitled Motion to Vacate Sentence and Judgment and alleged that his convictions were obtained in violation of his constitutional rights in that his pleas of guilty, coerced and induced by a confession illegally obtained by federal and state officers, were involuntary.
 
 
 2
 The case on appeal was presented on an agreed statement of facts which may be summarized as follows: Pittsburgh, Pennsylvania, police arrested appellant on Sunday, September 23, 1956, on suspicion of the armed robbery of the General Public Loan Corporation and two additional armed robberies of the Economy Federal Savings and Loan Association. The latter institution is a federally insured savings and loan association. Upon arrest appellant was taken to a suburban police station in order that his suspected accomplices would not become immediately aware of his apprehension. The next morning, September 24, 1956, he was moved to No. 1 Police Station in Pittsburgh for interrogation by local police. FBI agents, having been notified of appellant's arrest, joined in the interrogation later that same morning.
 
 
 3
 Interrogation of appellant proceeded into the late afternoon when, after repeated denials of guilt, he made both oral and written statements completely admitting his participation in the robberies involving the Economy Federal Savings and Loan Association. The statements also implicated others as his accomplices. Officers present at the interrogation, both federal and local, testified that he appeared "worn out" and appellant asserted that during this period he was suffering from the effects of extremely heavy drinking prior to his arrest.
 
 
 4
 Appellant was not taken before a police magistrate for a preliminary hearing on Monday, the local authorities testifying that none were available. The following morning he was brought before a magistrate located in the same building in which appellant was being detained. Despite the fact that appellant had been a suspect of the Federal Bureau of Investigation for several weeks prior to his arrest by the Pittsburgh police, he was not arrested by the federal authorities until late in the afternoon of Wednesday, September 26, 1956. The FBI agents who had been present at his earlier interrogation took him into custody at No. 1 Police Station and immediately brought him before a United States Commissioner on charges of armed robbery of the Economy Federal Savings and Loan Association on two occasions. It was testified that he was not arrested at an earlier date inasmuch as he was in the custody of local authorities.
 
 
 5
 Appellant was arraigned on November 28, 1956, when, in the presence of his appointed defense counsel and after consultation with them, he pleaded guilty to two indictments, each charging him with entering the Economy Federal Savings and Loan Association on different dates to commit a felony, robbery, and assaulting employees thereof with dangerous weapons. 18 U.S.C. § 2113(a) & (b). Prior to the arraignment his appointed counsel had consulted with him and advised him of his constitutional rights, and appellant related to his counsel the circumstances surrounding his detention, interrogation and confession. At that time no indication was given to counsel that he was dissatisfied with the treatment accorded him by law enforcement authorities. Nor was there any indication by appellant at the arraignment that he had been mistreated. When the United States Attorney asked if any threats, promises, or inducements had been made by the government to obtain appellant's plea of guilty, he replied in the negative.
 
 
 6
 Thereafter, appellant testified for the government at the trials of a co-defendant. On those occasions he admitted having participated in the robberies in question and implicated his accomplices. On January 31, 1957, he was sentenced on each indictment to pay a fine of $1,000 and committed to imprisonment for concurrent terms of eighteen years.
 
 
 7
 Within six months, appellant presented his first motion which was entitled "Motion for Reduction of Sentence." That motion was treated as falling within the purview of 28 U.S.C. § 2255 and was dismissed after a hearing on a Rule to Show Cause. Subsequently, on June 10, 1958, appellant filed this "Motion to Vacate Sentence and Judgment." The district court permitted original counsel to withdraw because of derogatory accusations appearing in the second motion and appointed new counsel. The appellant was ordered brought to Pittsburgh for hearing and subpoenas were issued at defendant's request. Following the hearing, the court rendered a comprehensive opinion containing findings of fact and conclusions of law. D.C.W.D.Pa.1958, 163 F.Supp. 941.
 
 
 8
 Initially, appellant contends that a motion pursuant to Section 2255, Title 28 United States Code, is the proper procedure for contesting the validity of a conviction on a plea of guilty, alleged to have been induced and coerced by a prior, illegally obtained confession. This court, sitting en banc, had occasion to consider the scope of Section 2255 in United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 343, 344, certiorari denied 1951, 340 U.S. 913, 71 S.Ct. 283, 95 L. Ed. 659:
 
 
 9
 "Relief under Section 2255 may be granted only where it appears that `the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.' Motions under this section may not be used to review the proceedings of the trial as upon appeal but merely to test their validity when judged upon the face of the record or by constitutional standards. The purpose of the section was not to confer a broader right of attack upon a judgment and sentence than might be made by habeas corpus but rather to provide that the attack which theretofore might have been made in some other court through resort to habeas corpus must now be made in the court where the sentence was imposed unless it should appear that this remedy was inadequate."
 
 
 10
 A conviction on a coerced plea of guilty has been held to be "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 1956, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126; Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Behrens v. Hironimus, 4 Cir., 1948, 166 F.2d 245. The collateral attacks in the above cited cases took the form of petitions for writ of habeas corpus;[2] however, inasmuch as the review authorized on motions pursuant to Section 2255 is as broad as that authorized on petitions for writ of habeas corpus, United States v. Hayman, 1952, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232, they appear apposite.
 
 
 11
 It appears equally well settled that where a prisoner on a motion under Section 2255 alleges facts which, if true, would constitute a denial or infringement of constitutional rights so as to render the judgment vulnerable to collateral attack, it is incumbent upon the district court to order the production of the prisoner and have a hearing of the contested or controverted question of fact. United States v. Hayman, supra; and see Shelton v. United States, 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579. In the instant case, the district court properly afforded the appellant a hearing, provided appointed counsel, and, at defendant's request, issued an order for subpoenas.
 
 
 12
 Appellant does not contend that the mere fact that he was detained illegally voids any conviction obtained on the basis of competent evidence or plea of guilty, for such a proposition cannot be sustained. Blood v. Hunter, 10 Cir., 1945, 150 F.2d 640; United States ex rel. Holly v. Commonwealth of Pennsylvania, D.C.W.D.Pa.1948, 81 F. Supp. 861, affirmed 3 Cir., 1949, 174 F.2d 480. Rather, the crux of appellant's argument is that his plea of guilty was involuntary in that it was induced and coerced by a confession which had been illegally obtained. The well-settled rule concerning pleas of guilty and attacks thereon is that the court will not inquire into guilt or innocence but rather will only inquire into the voluntariness of the plea. Friedman v. United States, 8 Cir., 1952, 200 F.2d 690, certiorari denied 1953, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357. As was stated more than a quarter of a century ago in Kercheval v. United States, 1927, 274 U.S. 220, 223-224, 47 S.Ct. 582, 583, 71 L.Ed. 1009:
 
 
 13
 "* * * A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. * * But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence."
 
 
 14
 Appellant's conviction rests upon his plea of guilty and not upon a verdict of a jury based in part on a confession. In fact, the confession was never utilized in any manner. Therefore, the details concerning appellant's alleged illegal detention and confession are only relevant on the issue of the voluntary nature of his plea. In that regard they must be considered in conjunction with all other relevant evidence. The following facts were before the district court: His pleas of guilty were entered more than two months after his confession was obtained; appellant was provided with competent counsel prior to entering his pleas and consulted with them; he had a past record of convictions of felonies and crimes of dishonesty; he freely testified as to his guilt on the trials of one of his co-defendants; he made no mention of threats or coercion to his attorney, the United States Attorney, the trial judge, or in fact to anyone until long after sentencing. The court found as a fact that appellant's pleas of guilty "were not based on his confession obtained while under alleged illegal detention nor were they induced by any promise or threat but were voluntarily entered after consultation with competent appointed counsel and with full knowledge of his rights under the law, and because he was in truth guilty of the crimes charged." [163 F.Supp. 943.] This conclusion is entitled to respect and we shall not disturb it. Cf. United States v. Miller, 2 Cir., 254 F.2d 523, certiorari denied 1958, 358 U.S. 868, 79 S.Ct. 100, 3 L.Ed.2d 100.
 
 
 15
 Recognizing the respect due findings of fact in matters of this nature, the appellant on this appeal argues that the very fact that a confession was extracted from him during allegedly illegal detention renders his pleas of guilty involuntary and thus nugatory. This argument if followed to its ultimate and logical extreme would result in the anomaly that once an inadmissible confession had been obtained no plea of guilty could stand, while on the other hand a jury could convict if other valid evidence sustained the charge of guilt. No support can be found in the cases for this proposition, nor does appellant cite any. It is our opinion that the established rule of inquiry into the voluntary nature of the plea adequately protects the rights of the accused and at the same time prevents abuse. A number of recent cases have come to the same conclusion on strikingly similar factual patterns. Hall v. United States, 8 Cir., 1958, 259 F.2d 430; Brown v. United States, 5 Cir., 1953, 204 F.2d 298, certiorari denied 1954, 346 U. S. 925, 74 S.Ct. 314, 98 L.Ed. 418; Voltz v. United States, 5 Cir., 196 F.2d 298, certiorari denied 1952, 344 U.S. 859, 73 S.Ct. 99, 97 L.Ed. 667. See also Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883.
 
 
 16
 Appellant's appointed counsel, who should be commended for his able and diligent argument and brief, calls to our attention the cases of McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. However, as the district court indicated, those cases were decided on appeals from convictions, not on collateral attack under Section 2255 or on petitions for writ of habeas corpus. As indicated above, the scope of review on a motion under Section 2255 is limited; Section 2255 is not a substitute for appeal. Masi v. United States, 5 Cir., 223 F.2d 132, certiorari denied 1955, 350 U. S. 919, 76 S.Ct. 208, 100 L.Ed. 805; United States v. Spadafora, 7 Cir., 1953, 207 F.2d 291; Dauer v. United States, 10 Cir., 1953, 204 F.2d 141.
 
 
 17
 The judgments will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 "§ 2255. Federal custody; remedies on motion attacking sentence
 "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 "A motion for such relief may be made at any time.
 "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
 "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
 "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
 "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
 "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S. C.A. § 2255.
 
 
 [2]
 Commonwealth of Pennsylvania ex rel. Herman v. Claudy arose from the State courts of Pennsylvania; both Waley v. Johnston and Behrens v. Hironimus arose prior to the enactment of 28 U.S.C. § 2255