**Byron LaRue BARNHART, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 6137.

United States Court of Appeals
Tenth Circuit.

Sept. 26, 1959.

Nell Rhodes Fisher, Oklahoma City, Okl., for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

An indictment containing three counts was returned against Barnhart in the United States District Court for the Western District of Oklahoma. Counts 1 and 2 of the indictment charged theft of goods moving as, or which were, a part of an interstate shipment of freight or express in violation of 18 U.S.C.A. § 659. The third count charged a conspiracy to violate 18 U.S.C.A. § 659.

On October 18, 1957, Barnhart appeared in open court for arraignment.

---

At that time no attorney appeared for Barnhart. Barnhart advised the court that he had a lawyer and that his lawyer instructed him to enter a plea in the lawyer's absence. The court refused to accept the plea in the absence of Barnhart's lawyer.

Thereafter, on October 25, 1957, Barnhart appeared in open court with an attorney of his own choice. They had been served with a copy of the indictment. Barnhart was advised of the maximum penalty for each of the offenses charged in the indictment. Barnhart waived the reading of the indictment and entered a plea of not guilty to each count.

Thereafter, on December 4, 1957, together with an attorney of his own choice, being a different attorney from the one who represented him at the arraignment, Barnhart appeared in open court. The penalties for the offenses charged were again explained to the defendant. Thereupon, Barnhart waived the reading of the indictment, withdrew his pleas of not guilty, and entered a plea of guilty to each of the three counts. In response to a direct question by the court, Barnhart stated that he desired to withdraw his pleas of not guilty and to enter a plea of guilty to each count of the indictment. In response to further inquiry, Barnhart stated that no promises had been made to him and he entered the pleas without any reservations of any kind. Thereafter, Barnhart appeared in open court, together with his attorney, and having announced that he did not know of any legal reason why the court should not pronounce sentence, was sentenced to imprisonment for a term of ten years on Count 1, a term of ten years on Count 2, and a term of five years on Count 3, the several sentences to run concurrently.

Thereafter, Barnhart filed a motion to vacate the sentences under 28 U.S.C.A. § 2255. Combined in the same document as the motion is a brief of petitioner in support of the motion. In his motion petitioner set forth that he was arrested at 6:30 p. m. on July 9, 1957, and taken to police headquarters in Oklahoma City, Oklahoma; that he asked that an attorney be called and his request was denied; that at 6:45 p. m. on the same day he was "booked" at police headquarters and was placed in a cell; that he was "questioned all day long" on July 10, 1957, by agents of the Federal Bureau of Investigation and by the Chief of Detectives of Oklahoma City; that the Chief of Detectives threatened him by saying, "If you don't cooperate with the FBI I will get you as much time as possible in the Oklahoma State Penitentiary," and that thereupon he made a statement confessing his guilt on the promise that the FBI agents would ask the court for leniency. He further alleged that on July 11, 1957, he was taken before Honorable W. R. Wallace, United States District Judge, on a Commissioner's complaint for violation of 18 U.S.C. § 659.

As grounds for vacation of the sentence Barnhart contends that his conviction was vitiated by the failure of the agents of the FBI to take him before the nearest available Commissioner without unnecessary delay, in violation of Rule 5 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and by the involuntary confession which he gave to the FBI agents. The sentencing court denied the motion. Barnhart has appealed.

The record discloses that Barnhart freely and voluntarily, at a time when he was represented by counsel of his own choosing, entered a plea of guilty to each count of the indictment and stated that no promises of any kind had been made to him and that he entered his pleas of guilty without any reservation of any kind. His alleged involuntary confession was not used against him.

Since the judgment and sentence were predicated on voluntary pleas of guilty, the fact that there was unnecessary delay in taking Barnhart before a committing magistrate, United States Commissioner, or other official empowered to commit persons charged with offenses against the laws of the United States and that an involuntary confession was obtained

from Barnhart constituted no grounds for vacating or setting aside the sentence.[1]

Affirmed.

1. Blood v. Hunter, 10 Cir., 150 F.2d 640, 641; Hall v. United States, 8 Cir., 259 F.2d 430, 431; United States v. Kniess, 7 Cir., 264 F.2d 353, 356; United States v. Morin, 3 Cir., 265 F.2d 241, 245, 246.