**George A. WATTS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 15209, 15210, 15211.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 25, 1960.

Decided March 31, 1960.

**8.** See Hicks v. Reid, 90 U.S.App.D.C. 109, 194 F.2d 327, certiorari denied 1952, 344 U.S. 840, 73 S.Ct. 51, 97 L.Ed. 653; Story v. Rives, supra note 3.

Mr. Thurman Hill, Washington, D. C., (appointed by this court) for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty. and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

On October 11th, 1955, appellant and a co-defendant, John Trilling, were indicted under three separate indictments for three unrelated housebreakings and larcenies.[1] Appellant on October 14th, represented by appointed counsel, entered a plea of not guilty. On November 15th, 1955, appellant, attended by newly appointed counsel, appeared in court, withdrew his plea and entered a plea of guilty as to the housebreaking count in each of three indictments. Three larceny counts and one housebreaking count were dismissed as to him on December 23d, and he was sentenced on that date to three consecutive prison terms aggregating 7 to 21 years.

Commencing in May 1956, appellant filed a series of motions for relief under 28 U.S.C. § 2255 (1958). He first moved for vacation of sentence, outlining the events leading up to his and Trilling's separate confessions, and alleging failure of police to obtain a search warrant. The motion was denied. In October 1956, he filed a second motion contending he had been sentenced before the wrong judge. This was denied. In July 1957, he filed a third motion on substantially the same grounds. This also was denied.

The fourth Sec. 2255 motion, which is now before us, was filed in December 1957, raising all the grounds previously asserted, and specifically claiming that the police had used Trilling's confession as a means of inducing appellant's confession and plea of guilty. This motion was denied as not raising any issues other than those three times raised and denied before. However, this court granted leave to appeal in forma pauperis and remanded for the purpose of a hearing and findings with respect to whether appellant's guilty pleas on the three indictments were induced by confronting him with Trilling's confession

1. Trilling was tried and convicted on all 7 counts, being the same housebreaking and larceny counts as for Watts. His convictions were reversed on all except one count under Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479. See Trilling v. United States, 1958, 104 U.S.App.D.C. 159, 260 F.2d 677.

and whether the plea of guilty was voluntarily, intelligently and competently made. The hearing on remand was held on March 4th, 1959; the motion was denied and the appeal comes to us.

The District Court made findings that the plea of guilty was competently, voluntarily and intelligently entered. The court also found that appellant simply complains that he would not have confessed had he not been confronted with Trilling's confession. The use of Trilling's confession, part of which was inadmissible under the Mallory Rule, to bring about appellant's admission of guilt is attacked as a subtle form of police coercion. Nevertheless, on the stand during the hearing which we ordered on remand, appellant freely *admitted his guilt* of each of the offenses charged and admitted helping police officers find burglar tools used by him and Trilling in the commission of the various robberies.

The questions presented are whether appellant's claims are cognizable under Sec. 2255, and if not, whether relief is available under Rule 32(d), Fed.R. Crim.P., 18 U.S.C., which authorizes withdrawal of a guilty plea even after sentence in order to correct "manifest injustice."

## 1.

### Availability of Sec. 2255

We consider first whether the facts as adduced at the hearing on the petition render appellant's claims cognizable under Sec. 2255. We hold they do not.

It is true, of course, that a sentence rendered upon a truly coerced plea of guilty is subject to collateral attack through habeas corpus,[2] and would also be amenable to proceedings under Sec. 2255.[3] So, too, are guilty pleas obtained through promises of leniency by the prosecution,[4] or those entered by the accused without knowledge of his rights.[5] In these cases, however, the plea is involuntary since it represents a "choice" made under threat of force, or by improper inducements, or through ignorance of his rights. Such action by an accused is, in reality, no choice at all. Of overriding importance is that in such cases the plea suffers the defect of inherent untrustworthiness.

However, the mere fact that the plea has resulted from police procedures such as making known the admissions of a confederate does not, standing alone, render a plea involuntary and susceptible to collateral attack. We have held that an illegal arrest or confession rendered during a period of illegal detention does not subject a sentence based upon a guilty plea to Sec. 2255 attack.[6] Suspects may decide to plead guilty when confronted with evidence illegally seized, yet an attack upon a sentence following such a plea through Sec. 2255 is not permitted.[7] Similarly, a charge of entrapment, raised after a guilty plea, has been held insufficient to bring the claim under this statute.[8]

Considered together, these cases define the scope of permissible collateral

2. Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 1956, 350 U.S. 116, 118, note 2, 76 S.Ct. 223, 100 L.Ed. 126.

3. 28 U.S.C. § 2255 provides: "A prisoner in custody under sentence * * * claiming the right to be released upon the ground that the sentence * * * is * * * subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

4. Motley v. United States, 5 Cir., 1956, 230 F.2d 110. Compare Shelton v. United States, 5 Cir., 1957, 246 F.2d 571, reversed 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579.

5. Poole v. United States, 1957, 102 U.S. App.D.C. 71, 250 F.2d 396.

6. Newman v. United States, 1950, 87 U.S. App.D.C. 419, 184 F.2d 275, certiorari denied 1951, 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665; Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, certiorari denied 1958, 358 U.S. 847, 79 S. Ct. 74, 3 L.Ed.2d 82. See also Barnhart v. United States, 10 Cir., 1959, 270 F.2d 866.

7. Edwards v. United States, supra note 6; Gonzalez v. United States, 1 Cir., 1954, 210 F.2d 825.

8. Mixon v. United States, 5 Cir., 1954, 214 F.2d 364.

attack. Such attack is permitted under Sec. 2255 where the plea is truly involuntary, or where its reliability is doubtful because of his mental or physical condition when he made the plea.[9] However, when the accused elects to plead guilty, even though seemingly induced to do so as a result of seeing the inadmissible confession of a confederate, the plea is not involuntary. He has complete freedom to plead not guilty and take the risks or benefits which flow from that choice.

In other words, if evidence illegally seized confronts him, he has the right to move its suppression; where a confession is obtained during a period of illegal detention, he can successfully suppress that evidence; if an illegal arrest has occurred he may move to suppress evidence seized as a result of his wrongful arrest.[10] These questions have been decided. But if, having these effective defenses available, and protected by counsel, as here, he is found to have competently and intelligently entered his plea, that plea constitutes the highest form of voluntary choice known to the law—confession in open court. His election to forego available defenses precludes collateral attack.[11] Here we can say, as we have said in the past, that the "sentence and present confinement resulted not from * * * [the alleged infirmities] but rather from the judgment of conviction on his plea of guilty." Newman v. United States, 1950, 87 U.S. App.D.C. 419, 420, 184 F.2d 275, 276, certiorari denied, 1951, 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665. See also Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, certiorari denied 1958, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82. In Dorsey v. Gill, 80 U.S.App.D.C. 9, 28, 148 F.2d 857, 876, certiorari denied, 1945, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003, release by way of habeas corpus was denied where appellant alleged his guilty plea was coerced by earlier police misconduct:

"No confession was received or even offered in evidence. Appellant was under no coercion when he appeared in court. There, under the protection of the judge, and with the advice of counsel, he could have stood trial and defied the police force. He did neither and it seems apparent that the allegations contained in his petition constitute an afterthought, designed to secure a retrial of his case. * * *"

▪ Whatever doubts we might have entertained as to the trustworthiness of the plea must disappear when we observe that appellant first confessed orally, then in writing, then in open court by way of his plea, a month after his initial plea of not guilty. He was represented by counsel both at the arraignment when his plea of not guilty was entered and when his plea was changed. Further, more than a month intervened between his guilty plea and sentencing, at which time he could have moved, had he wished, to change the plea. See Briscoe v. United States, 1958, 102 U.S.App.D.C. 145, 251 F.2d 386; McJordan v. Huff, 1943, 77 U.S.App.D.C. 171, 133 F.2d 408. Finally, at the hearing we ordered, appellant frankly admitted his guilt. On this record collateral attack will not lie. Cf. United States v. Morin, 3 Cir., 1959, 265 F.2d 241; Barnhart v. United States, 10 Cir., 1959, 270 F.2d 866.

2.

Rule 32(d), Fed.R.Crim.P.

▪ Next we consider whether, construing the petition as a motion to withdraw his plea of guilty *after* sentence, the evidence adduced at the hearing warrants any relief under Rule 32(d). That

9. See Coates v. United States, 106 U.S. App.D.C. 389, 273 F.2d 514.

10. Bynum v. United States, 1958, 104 U.S. App.D.C. 368, 262 F.2d 465; cf. Bynum v. United States, 1960, 107 U.S.App.D.C. 109, 274 F.2d 767.

11. Cf. Dorsey v. Gill, 80 U.S.App.D.C. 9, 28, 148 F.2d 857, 876, certiorari denied 1945, 325 U.S. 890, 65 S.Ct. 1580, 89 L. Ed. 2003.

Rule permits such withdrawal to "correct manifest injustice." On this issue, the defendant seeking relief bears the burden of proof. McNair v. United States, 1956, 98 U.S.App.D.C. 359, 235 F.2d 856, certiorari denied, 1957, 352 U.S. 989, 77 S.Ct. 389, 1 L.Ed.2d 368; United States v. Shailer, 2 Cir., 1953, 202 F.2d 590, certiorari denied, 1954, 347 U.S. 947, 74 S.Ct. 646, 98 L.Ed. 1094.

■ All that we have said previously is relevant here as well. Having been faced with the choice of pleading guilty, or pleading not guilty and invoking available defenses against alleged improper police procedures, and having elected to plead guilty intelligently and competently, it is impossible to see how "manifest injustice" has occurred. A claim of "manifest injustice" is utterly incompatible with appellant's recently repeated admission of the crimes charged. Here again his case rests solely upon the proposition that he was induced to utter the truth when confronted with his confederate's confession. Moreover, under a Rule 32(d) claim, unlike the consideration of a petition under Sec. 2255, the guilt or innocence of the petitioner is controlling.[12] To grant appellant the relief he seeks would require us to strain the law to the point of ultimate absurdity.

We must bear in mind that this is not like a petition for relief from a sentence based on a jury verdict or judicial determination without a jury, where a confession was an element of the evidence on which the trier relied. The circumstances surrounding appellant's confession are relevant only if they bear in some way on the issue of whether his plea was voluntary. Other circumstances are also relevant, not the least of which is the fact that appellant first pleaded not guilty, only to change that plea a month later, and maintain that position through and long after sentencing. The passage of time from arraign-ment to the first plea, the fact that appellant had counsel, the passage of time from the first plea to his changed plea of guilty, after new counsel was afforded, and finally the lapse of time from the guilty plea to the day of sentencing—all these are factors to consider along with his complaint that Trilling's confession had a coercive effect on him.

■ The notion that a confession, even though coerced, forever disables an accused from making a valid confession at a later date was rejected by the Supreme Court:

"Of course, after an accused has once let the cat out of the bag by confessing, *no matter what the inducement,* he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first. But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed." (Emphasis added.) United States v. Bayer, 1947, 331 U.S. 532, 540–541, 67 S.Ct. 1394, 1398, 91 L. Ed. 1654.

More recently, we have rejected the contention that an inadmissible pre-arraignment confession cannot be effectively ratified and adopted after arraignment so long as the action is voluntary. See Goldsmith v. United States (Carter v. United States), 1960, 107 U.S.App.D. C. 305, 277 F.2d 335.

■ To hold that the infirmity of appellant's first confession precludes him from a later confession by way of his plea would, as the Third Circuit pointed out, create the anomaly that once an inadmissible confession was obtained, no

12. United States v. Harris, 2 Cir., 1947, 160 F.2d 507; Klingstein v. United States, 4 Cir., 1954, 217 F.2d 711; United States v. Norstrand Corp., 2 Cir., 1948, 168 F.2d 481, 482.

plea of guilty could thereafter stand, while on the other hand a jury could convict if other valid evidence sustained the charge. United States v. Morin, 3 Cir., 1959, 265 F.2d 241. See Hall v. United States, 8 Cir., 1958, 259 F.2d 430, certiorari denied, 1959, 359 U.S. 947, 79 S. Ct. 728, 3 L.Ed.2d 680; Brown v. United States, 5 Cir., 1953, 204 F.2d 298, certiorari denied, 1954, 346 U.S. 925, 74 S. Ct. 314, 98 L.Ed. 418. We refuse to sanction such a paradox.

We have carefully examined appellant's other contentions and find they are without merit and call for no discussion.

Affirmed.