**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerald Joseph KOPTIK, Defendant-**
**Appellant.**

**No. 13451.**

United States Court of Appeals
Seventh Circuit.

Feb. 19, 1962.

---

4. See Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960).

Gerald Joseph Koptik, pro se.

Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., for appellee.

Herbert J. Miller, Jr., Asst. Atty. Gen., Criminal Division, Washington, D. C.,

Robert J. Timlin, for Department of Justice, Washington, D. C.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Defendant (appellant) has moved twice under 28 U.S.C.A. § 2255 for vacation of his sentence.[1] His first § 2255 motion was denied by the district court on May 29, 1961 and his second on June 16, 1961. In addition to appealing the court's denial of his § 2255 motions, defendant also notes an appeal from the judgment and sentence of the district court entered on May 1, 1961.

Defendant appears in this appeal *pro se* and was not personally present in court at the time this case was assigned for hearing on oral argument. We ordered the case taken on the record and briefs without oral argument.

The facts may be briefly stated. On December 7, 1960, an indictment against defendant was filed. The indictment charged that defendant, with unlawful and fraudulent intent, caused a falsely made and forged security in the amount of $200 to be transported in interstate commerce in violation of 18 U.S.C.A. § 2314. Pursuant to a warrant for his arrest, defendant was arrested in Chicago, Illinois on March 15, 1961 and transferred to the Lake County, Indiana jail on March 20, 1961.

On March 27, 1961, James L. Coughlan, an attorney employed by defendant, entered his appearance for defendant. On the same date, defendant was personally present in the trial court for arraignment, but at the request of defendant's counsel, arraignment was postponed until March 30. On this date, defendant personally entered a plea of guilty in open court to the indictment in the presence of his counsel. On May 1, 1961, defendant appeared with his counsel before the court and was sentenced for a period of three years.

On May 29, 1961, defendant, having been granted leave to file post judgment motions *in forma pauperis*, filed *pro se* his first § 2255 motion. He alleged as grounds for relief that he had not received a copy of the indictment or warrant for arrest, that for one week after his arrest he could not contact his bondsman, his lawyer, or relatives by letter or telephone, that during his incarceration in the Lake County jail he could write only one letter a week with no mention of his case in the letter, that his incoming letters were destroyed after he read them, that he was trapped into a plea of guilty by promises of immunity and that all these restrictions prevented him and his attorney from preparing a proper defense and presenting mitigating facts to the court. On the same date, defendant's counsel appeared on behalf of defendant and obtained a modification of defendant's sentence to allow him to be eligible for parole at such time as the Parole Board may determine. After argument on defendant's *pro se* § 2255 motion, it was denied by the court.

On June 10, 1961, defendant filed his second § 2255 motion. In addition to the grounds for relief stated in his first § 2255 motion, defendant alleged that the indictment was invalid and void, that there was a variance between an allegation in the indictment and the facts presented to the court by the Assistant United States Attorney at the time of sentencing and that he did not see the warrant of arrest until June 2, 1961. This second motion was denied without a hearing on June 16, 1961.

On June 30, 1961, defendant filed his motion for leave to appeal *in forma pauperis* together with his notice of appeal from the sentence and judgment and from the denial of his two § 2255 mo-

---

[1]. Defendant's first motion is entitled, "Motion for a new trial, motion to vacate sentence, and in the alternative, motion to revise sentence." His second motion is entitled, "Amendment to motion for a new trial and amendment to motion to vacate judgment and sentence and release defendant from custody and other relief." All parties, including the trial court have treated these as two separate motions under 28 U.S.C.A. § 2255.

**22**

tions. The notice of appeal was filed June 30, 1961, *nunc pro tunc* as of June 23, 1961.

▪■ We hold initially that we are without jurisdiction to hear an appeal from the judgment and sentence of the district court. The judgment was entered on May 1, 1961. Motion for leave to appeal *in forma pauperis* was filed June 30, 1961, and notice of appeal was filed as of June 23, 1961. Both of these documents were filed well beyond the 10 day period allowed for filing notice of appeal. Rule 37(a) (2) F.R.Cr.P., following 18 U.S.C.A. We are therefore concerned with defendant's contentions only as they may be grounds for relief under 28 U.S.C.A. § 2255.

■■ Defendant attacks the validity of the indictment. An indictment is not open to collateral attack under section 2255 unless it fails to charge an offense under any reasonable construction. United States v. Shelton, 7 Cir., 249 F. 2d 871, 874 (1957). The indictment in question clearly charges an offense and is valid on its face. Although the phrase "caused to be transported," as it appears in the indictment, does not appear in the third paragraph of 18 U.S.C.A. § 2314 under which the indictment was drawn, it is built into the definition of the crime by 18 U.S.C.A. § 2(b). Pereira v. United States, 5 Cir., 202 F.2d 830, 837 (1953), affirmed, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435. It is not necessary that section 2(b) be referred to in the indictment. Londos v. United States, 5 Cir., 240 F.2d 1, 7 (1957), cert. denied, 353 U. S. 949, 77 S.Ct. 860, 1 L.Ed.2d 858.

■ Defendant complains that he neither received nor had read to him a copy of the indictment. The record shows otherwise. The record of arraignment states: "Defendant received and read copy of indictment." Furthermore, in response to the court's question at arraignment as to whether defendant understood the charge to which he was pleading, defendant answered, "Yes, sir, I do." Defendant's assertion on this point is factually incorrect and will not be considered.

■ Defendant complains that he was not served with the warrant for his arrest until thirty-one days after his sentence. Irregularities in the arrest procedure may not be collaterally attacked under section 2255. Plummer v. United States, 104 U.S.App.D.C. 211, 260 F. 2d 729, 730 (1958). Defendant was obliged to present this matter to the trial court before sentencing. Having failed to do so, we may not now consider this purported irregularity, if any, in the arrest procedure.

■ Defendant contends that he was held incommunicado in the Lake County jail from March 20 to March 27, 1961. At his arraignment, defendant was asked by the court: "Is this plea of guilty voluntary on your part, made without any threats or promises of any kind?" Defendant answered: "Absolutely." In response to the question: "You are guilty?" defendant answered: "Yes, sir." Defendant is a law school graduate and a disbarred attorney. The record clearly shows that he knew what he was doing at all times he appeared in open court. Defendant does not now claim that his pre-arraignment incarceration affected the voluntariness of his guilty plea. There can be no doubt that his plea was voluntary. Where a defendant has voluntarily pleaded guilty, irregularities in pre-arraignment incarceration are not grounds for relief under section 2255. Watts v. United States, 107 U.S. App.D.C. 367, 278 F.2d 247, 250 (1960); Chadwick v. United States, 5 Cir., 170 F. 2d 986 (1948), cert. denied, 337 U.S. 926, 69 S.Ct. 1163, 93 L.Ed. 1734.

It should be noted at this point that defendant was represented by counsel of his choice from March 27, 1961 until at least May 29, 1961. This period covers defendant's arraignment on March 30, his sentencing on May 1 and the hearing on defendant's § 2255 motion and his counsel's motion to reduce sentence on May 29, 1961. At the hearing on May 29, 1961, defendant's counsel stated that he was permitted to confer privately with defendant on the Friday immediately preceding his sentencing. In addition,

defendant's counsel stated that he was given every opportunity necessary to interview defendant.

■■ Petitioner contends that during the period between his arraignment and sentence he was permitted to write but one letter a week and that all mail received by him was taken from him and destroyed. Even if such allegations be true, they are not grounds for relief in this proceeding. The manner in which defendant may have been treated by prison officials after his plea of guilty does not afford a basis for relief under section 2255. Sanders v. United States, 4 Cir., 183 F.2d 748, 749 (1950), cert. denied, 340 U.S. 921, 71 S.Ct. 352, 95 L. Ed. 665.

■ Defendant complains of the fact that the Government at the disposition hearing misstated one of the facts alleged in the indictment. The Assistant United States Attorney stated that defendant cashed the forged check in East Chicago. The indictment alleged that the check was cashed in Whiting, Indiana. Defendant asserts that because of this it cannot be said whether he was sentenced for causing the transportation of a forged security from Whiting, Indiana to Chicago, Illinois or for causing the transportation of a forged security from East Chicago to Chicago, Illinois. The district court was well aware of the allegations of the indictment and defendant's guilty plea. It was on this basis that defendant was sentenced and not on the basis of any background statement made by the Assistant United States Attorney. In addition, the variance is so slight as to be inconsequential.

■ Defendant argues that he was denied due process in that he was not permitted to represent himself on his first § 2255 motion. The record shows that the district court permitted defendant's *pro se* motion to be filed and was

well aware of its allegations before denying it. Defendant's only complaint on this score can be that he was not permitted to argue the motion personally. The Supreme Court has held that oral argument on appeal is not an essential ingredient of due process. Price v. Johnston, 334 U.S. 266, 286, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Accordingly, we hold that oral argument on a section 2255 motion is not an essential ingredient of due process. The district court, therefore, did not deny defendant a constitutional right in failing to hear him personally on his first § 2255 motion. He was personally present in court and represented by counsel of his own choice. The district court did not err in refusing to allow defendant to argue his motion personally.

■ Defendant contends that the district court erred in not granting a hearing on his second § 2255 motion. In addition to the grounds for relief alleged in the first § 2255 motion, on which a hearing was held, defendant alleged the invalidity of the indictment, no sight of his warrant of arrest until June 2, 1961 and the misstatement made by the Assistant United States Attorney in his summary of the case at the disposition hearing. For the reasons stated above holding that defendant is not entitled to relief under these contentions, we hold that the district court did not err in refusing to order a hearing. It conclusively appears from the files and records of the case that defendant was not entitled to relief.[2]

■ Following the submission of this appeal on the briefs and record, without oral argument, defendant has filed a belated motion to be heard personally in oral argument on this appeal. Such motion for oral argument is now denied. Oral argument is discretionary with this court and, under the facts of this case and the disposition made here-

2. 28 U.S.C.A. § 2255 states: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

in, we see no reason to order defendant returned from prison to argue this appeal personally. Price v. Johnston, 334 U.S. 266, 284–285, 68 S.Ct. 1049, 92 L. Ed. 1356 (1948).

For the reasons hereinabove set out, the appeal from the judgment of conviction and sentence is dismissed, and the orders of the district court denying defendant relief under his § 2255 motions are affirmed.

Affirmed.