**UNITED STATES of America,**
**Plaintiff,**

v.

**Lloyd L. COOPER, Defendant.**

**Cr. No. 966–60.**

United States District Court
District of Columbia.

Sept. 30, 1963.

Oscar Altshuler, Asst. U. S. Atty., for the District of Columbia, for the Government.

William H. Dempsey, Jr., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

On November 17, 1960, the defendant appeared before another Judge of this Court, with counsel retained by himself, and waived indictment and consented to prosecution by information on two charges of housebreaking. The Court advised him in detail as to his rights to be prosecuted by indictment and to a jury trial if indicted. However, the defendant chose to waive indictment and consent to prosecution by information, and then pleaded guilty.

On January 6, 1961, after a presentence investigation, the defendant came before me for sentence and also was represented by the same counsel whom he had previously retained. The Court called attention to the fact that each of the counts in the information charged a housebreaking, that one of the counts involved a dwelling house into which the defendant broke at night and that this offense constituted common law burglary, which is a very serious offense. The Court went on to state as follows:

"He admitted to the police that he had broken into more than 100 houses in the northwest, southeast and northeast sections of the city and sold most of the property he had taken. Among the property taken are television sets, cameras, jewelry, records and so forth. The probation report does show also that the police reported, as counsel has stated, that the defendant cooperated in attempting to clear the cases and return the property to the rightful owners, but most of it he had already sold on the streets.

"He has a long record. Now, the maximum penalty that can be imposed is 15 years on each count, that is, 5 to 15, which would mean that if consecutive sentences were imposed the Court could impose a

sentence of 10 to 30 years. However, the Court will impose a much lesser sentence and will take into consideration the fact that the defendant waived indictment and has consented to be prosecuted by an information and that he has otherwise cooperated with the police to the extent to which he could do so.

"Now, the record shows that he has lived pretty much by means of thievery since he was a boy. That is what the probation report states and that seems to be borne out by the details of the report. Consequently, a substantial sentence must be imposed, but the Court will impose much less than the possible maximum because the defendant cooperated with the police and waived indictment and consented to be prosecuted by information."

Accordingly, the Court imposed a sentence of 3 to 10 years on each count, the sentences to run concurrently.

Subsequently, the defendant filed a motion *in propria persona* seeking to set aside the sentence. Apparently he had hoped for still greater leniency and was not satisfied with the sentence that was imposed on him. His rather lengthy motion seemed, on analysis, to involve or raise three issues. One was ineffective assistance of counsel, even though counsel had been retained by him, without, however, specifying of what the ineffectiveness consisted. Second, he raised the question of mental competency. Third, he claimed that he was induced to cooperate with the police and plead guilty by a promise on the part of the police that they would see to it that he would get a light sentence of not more than two or three years.

Mr. William H. Dempsey, Jr., was appointed by the Court as counsel to represent the defendant in connection with this petition. He has devoted a great deal of time to the matter, quite obviously, by studying the file and conferring with the defendant, as well as making several appearances in court, including a final hearing that consumed an entire afternoon plus part of the morning of the following court day. He has represented the client to whom he was assigned very ably and in the best traditions of the bar. The Court wishes to acknowledge Mr. Dempsey's services and extend its gratitude to him for performing a public duty gratuitously at the request of the Court.

When the matter first came before the Court, in view of the fact that the question of mental competency was raised, the Court, with the consent of both counsel, ordered a mental examination and for that purpose authorized the defendant's transfer to Saint Elizabeths Hospital. On September 6, the Superintendent of Saint Elizabeths Hospital filed a report which read in part as follows:

"It is our opinion that Mr. Lloyd Cooper is not suffering from a mental disease at the present time. There is nothing to indicate that the patient was mentally incompetent on or about November 17, 1960 and January 6, 1961, although we do not believe that we could offer a firm opinion in this regard because of the long lapse of time."

When this matter came on for final hearing counsel for the defendant withdrew and abandoned the charge of ineffective assistance of counsel and, in the light of the report of the Superintendent of Saint Elizabeths Hospital, he withdrew and abandoned the question of mental competency. The issue that was left and was tried, and in respect to which a great deal of testimony was given, was whether the plea of guilty was voluntary.

■ A defendant who desires to withdraw a plea of guilty may proceed either under Rule 32(d) of the Federal Rules of Criminal Procedure, or, under some other circumstances, under 28 U.S.C. § 2255. At the request of counsel, which the Court regards as entirely proper, the Court will consider the matter under both provisions, since a pleading presented by a layman *pro se* should not be strictly construed or held to one specific theory. Rule 32(d) provides that a motion to

withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended, but—and the rule goes on—to correct manifest injustice the Court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea.

■ In this instance the defendant expressly does not maintain that he was innocent. He does not deny that he committed the crimes to which he pleaded guilty. In fact, when he took the witness stand on cross-examination he admitted the details. He was arrested *in flagrante delicto* and a crowbar was seized from his person. In Watts v. United States, 107 U.S.App.D.C. 367, 371, 278 F.2d 247, 251, the Court of Appeals stated:

> "A claim of 'manifest injustice' is utterly incompatible with appellant's recently repeated admission of the crimes charged."

Obviously, there can be no manifest injustice justifying a withdrawal of a plea of guilty if there is no claim of innocence and, in fact, if the defendant does not deny his guilt. There are numerous cases to the same effect, particularly in the Second Circuit.[1]

Consequently, on this basis and this basis alone the Court is warranted in denying the motion if considered as made under Rule 32(d) and that will be the disposition of this aspect of this case.

There remains the rights that the defendant may have under 28 U.S.C. § 2255. Conceivably even if the defendant does not deny his guilt, yet if he was tricked into pleading guilty, he may be entitled to some consideration, although it seems rather artificial to permit a defendant to say, "Yes, I am guilty, but, nevertheless, I want to be put back in a position of requiring the Government to prove my guilt." One might say without intending to be facetious, that such an attitude would resemble a chapter out of "Alice in Wonderland", or an act out of one of Gilbert and Sullivan's operas. The Court, must nevertheless give serious consideration to the matter.

The defendant claims that he cooperated with the police and pleaded guilty because the police officers promised him that if he did so, they would see to it that he would get a short sentence, not more than two or three years. Whether such a promise was made, was an issue of fact that was tried at this hearing. The defendant testified at length to the effect that such a promise was made. He named three police officers who at different times participated in discussing the matter with him. Each of the police officers was then called by the Government and denied that any such promise was made. The principal officer whom the defendant named as having made the promise was Inspector Causey, who at that time was captain in command of the precinct to which the defendant was brought upon his arrest. The Court had an opportunity to hear and observe the witnesses. The Court believes the police officers. They impressed the Court as conscientious and as men of probity. On the other hand, the defendant impressed the Court as being reckless with the truth and not worthy of belief. Moreover, his previous career and criminal record would not justify any trier of a disputed issue of fact to make a finding on the basis of his testimony alone when it is disputed by persons who impress the

---

1. Subsequently to the time when the foregoing opinion of this Court was delivered orally from the bench, the Court of Appeals for the District of Columbia Circuit on October 10, 1963, in Smith v. United States, 224 F.2d 436, p. 440, stated citing United States v. Norstrand Corp., 2 Cir., 168 F.2d 481: "We agree with the Second Circuit that '* * * When a defendant who has pleaded guilty makes application to withdraw his plea, he should at the very least allege that the was not guilty of the charge to which he pleaded. * * *'" In United States v. Paglia, 2 Cir., 190 F.2d 445, 447–448, Judge Learned Hand indicated that if a defendant who has pleaded guilty does not deny his guilt, he has no ground for withdrawing his plea, United States v. Napolitano, (S.D.N.Y.) 212 F.Supp. 743, 745 is to the same effect.

Court as telling the truth. It appears that this defendant has had a career as a pickpocket, a thief, a burglar and a housebreaker, and has been in and out of prison for a great many years. It is quite obvious that he has no regard for the truth.

The probabilities strongly support the version of the police. As is well known, in this Court the United States Attorney makes no recommendations or suggestions as to sentence. In fact, Government counsel is not heard on the issue of sentence at the time sentence is imposed. Consequently, the experienced police officers well knew that they could not in any way, directly or indirectly, carry out any such promise, and therefore it is not likely that they would make it. The situation might be different in some jurisdictions where it is customary for the prosecuting attorney to make a recommendation as to sentence and where the prosecuting attorney at times discusses with the defendant or his counsel what sentence he would recommend under specified circumstances. One of the very purposes of our practice is to prevent such negotiations or bargains.

■ In view of these considerations the Court reaches the conclusion that no such promise was made to the defendant, that his plea of guilty was voluntary, that he understood, as the transcript shows, just what he was doing at the time he waived indictment and pleaded guilty.

The Court might add that this is one of those many cases in which post-conviction remedies have been misused and abused by defendants. They constitute an imposition on busy courts in that they require the courts to devote time, and a great deal of it, that could be accorded to other matters. They impose on members of the bar, who are assigned to represent defendants in these cases gratuitously—and one of the problems with which we are confronted in this juris-

diction due to the peculiar nature of some of the cases we have, is the undue burden on members of the bar in defending indigent prisoners. Unfortunately, the Legal Aid Agency is able to absorb only a small proportion of these cases. It is to be hoped that a public defender system will eventually be established because the burden on the bar is becoming intolerable.

■ The books are replete with cases in other circuits in which attention has been called to the abuse of post-conviction remedies.[2] These remedies, such as 28 U.S.C. § 2255 and *habeas corpus*, were intended for the exceptional case where there might have been a miscarriage of justice, which in former years would have been rectified by Executive clemency. They are not intended as a routine review at the behest of a defendant who is dissatisfied with his sentence. The motion will be denied.

---

2. e. g. Johnson v. United States, 9th Cir., 267 F.2d 813; Baker v. United States, 9th Cir., 287 F.2d 5, 7; United States ex rel. Kiernan v. LaVallee (N.D.N.Y.) 191 F.Supp. 455, 458.