**Gary A. PAYNE, Appellant,**

v.

**UNITED STATES of America.**

**No. 17804.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 15, 1969.

Decided March 6, 1970.

Gary Allen Payne, pro se.

Richard L. Thornburgh, U. S. Atty., Douglas D. McBroom, Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On May 24, 1967, appellant, who was represented by court appointed counsel, pleaded guilty in the District Court to an indictment charging him with attempting to take certain money from a particular National Bank and in so doing, putting the lives of certain named bank personnel in jeopardy by the use of a revolver in violation of 18 U.S.C.A. § 2113 (a) and (d). He was convicted and sentenced to fifteen years in the custody of the Attorney General on count two. Sentence on count one was suspended.

Appellant did not appeal from said sentence. A year and five months later he filed a petition for writ of error coram nobis. He alleges that (1) he was induced to plead guilty by his lawyer promising that if he did so he would receive a prison sentence not exceeding ten years; (2) he was not afforded effective representation by his attorney.

The transcript reveals that at the time of his guilty pleas appellant, under oath, testified at length that he understood the charges against him, that he had been informed that if he pleaded guilty to the first count of the indictment he could be fined up to five thousand dollars and/or sentenced up to twenty years, that on count two he could be fined up

to ten thousand dollars and/or receive a prison sentence of up to twenty-five years. Payne plainly said he was so pleading freely, that there had not been any threats or promises to induce such pleas and that he had discussed all the facts of the case with his attorney. The latter told the Court that he had advised his client to so plead.

On July 11, 1967, the day of sentencing, the judge told appellant that if he had anything to say he would be glad to hear him. Appellant said inter alia " * * * I do know how much trouble I am in. I also realize that I could be sent away for twenty-five years, I believe. I realize I have placed myself in this position. I can only hope it won't be that long."

■ Judge Miller the sentencing judge, in an exhaustive opinion denying the petition, noted regarding appellant's allegation that his lawyer promised that appellant would not receive more than ten years that, "By his own account, counsel's 'promise' did not constitute the primary inducing cause of his plea." Cf. United States v. Morin, 265 F.2d 241 (3 Cir. 1959). As the District Court held, even if the allegation of a promise be assumed, the relief sought would not be justified. United States ex rel. Kern v. Maroney, 275 F.Supp. 435 (W.D.Pa. 1967).

■ As to ineffective representation, appellant claims his attorney did not cooperate with him on defense matters or filing motions. The record shows that the attorney at the very least filed motions for the production of documents, for Bill of Particulars, to Suppress, to Sever and for Separate Trial. The attorney admittedly visited appellant in jail at least twice. Appellant asserts that his attorney did not answer his letters but fails to state anything regarding their significance if any in the issue before us.

From the entire record it is evident that appellant knew the nature of his pleas and that they were voluntary. We agree with the District Court that there is nothing before us from which it could be reasonably said that appellant was unfairly influenced in tendering his guilty pleas or that he was ineffectively represented by his attorney.

The judgment of the District Court will be affirmed.