UNITED STATES of America ex rel. William D. RINE, Petitioner,

v.

Otto C. BOLES, Warden, West Virginia State Penitentiary, Respondent.

Civ. A. No. 1081–W.

United States District Court
N. D. West Virginia,
at Wheeling.
Jan. 29, 1962.

Louis John, Wheeling, W. Va., for petitioner.

Thomas P. O'Brien, Pros. Atty., for Ohio County, W. Va., for respondent.

CHARLES F. PAUL, District Judge.

William D. Rine seeks his release from the custody of the respondent under a sentence and commitment for a one to ten year period entered by the Intermediate Court of Ohio County, West Virginia, March 11, 1960.

Rine was born December 28, 1942, and, at all times material herein, resided with his mother in Wheeling, Ohio County, West Virginia.

At a hearing held November 14, 1959, upon a petition based upon three separate acts of car theft, Rine was adjudged guilty of delinquency by the Juvenile Court of Ohio County, West Virginia. On November 21, 1959, the Juvenile Court placed Rine on "general probation." The terms of such probation include a prohibition against the probationer's leaving the county without the permission of the Probation Officer and against the commission of criminal acts. The term of the probation is during the minority of the probationer.

At about seven o'clock in the evening December 10, 1959, Rine was arrested by state police on U. S. Route 250, approximately four miles north of the little town of Durbin, Pocahontas County, West Virginia, in the Allegheny Mountain section of West Virginia. Prior thereto Corporal Higby, a State Trooper, who was off duty and at his home in Durbin, was informed by the owner that a new Chrysler car had just been stolen from a position in front of a garage in Durbin. While the information was being given, Higby saw the car pass on the road in front of his home. By use of his car radio Higby contacted other state police detachments and sheriffs' offices and arranged for the setting up of road blocks at strategic points. Higby, accompanied by other peace officers, went in pursuit of the stolen car. The car was found abandoned on a side road and tracks of one person in the snow were observed leading from the car up over a hill toward the main highway. Higby then proceeded to one of the road blocks on the main highway and, a few minutes later, Rine walked up to the police car and "gave himself up," admitting that he was the person who had stolen the car and for whom the police were looking. The temperature was very cold and from eight to ten inches of snow covered the ground. Rine was lightly dressed and cold.

Rine was taken to an office in the town of Durbin where he was questioned by Higby in the presence of three other witnesses. Rine readily admitted not only the theft of the Chrysler but of four other cars at various points between Wheeling and Durbin between nine in the morning and the time of his arrest. His statement was transcribed in question and answer form and signed by Rine.

On Rine's person the trooper found a card of the Probation Officer of Ohio County, West Virginia, indicating that Rine was a juvenile probationer. Rine was then taken to the county seat of Pocahontas County at Marlinton where he was lodged in jail. The next day the Pocahontas County authorities contacted Ohio County authorities, confirmed the fact that Rine was on probation, and received instructions to hold Rine until Ohio County authorities could pick him up. On December 12 the Judge of the Juvenile Court of Ohio County ordered a capias issued for Rine's arrest and return to Ohio County. Due to the intervening weekend and the bad condition of the roads it was December 15 before a deputy sheriff from Ohio County could drive to Marlinton. On the drive back to Wheeling, in general conversation with the deputy and not in answer to questions, Rine apparently bragged about having stolen several cars, including a Buick car from the East Wheeling district which he said he drove to Pleasant Valley in Marshall County where he abandoned it because it was out of gas, and stole a Ford car.

Rine was lodged in the juvenile quarters of the Ohio County jail and, on December 17, a petition, signed by Wheeling Police Sergeant Lyons, charging Rine with delinquency in the theft of a 1950 Buick automobile from the East Wheeling section of Wheeling, was filed with the Juvenile Court.

On December 19, 1959, Rine was arraigned before the Judge of the Juvenile Court and admitted the theft of the Buick car. He was not represented by counsel and did not ask that counsel be provided. The Court refused to entertain the matter further as a juvenile matter and entered an order transferring the case to the Intermediate Court of

Ohio County and that Rine be held under bond in the amount of $5,000.00 to answer any charge that might be returned against him by the grand jury of the February term, 1960, in the Intermediate Court of Ohio County, West Virginia.

While Rine was being held in the Ohio County jail Sergeant Lyons interviewed him for about forty minutes on December 16. Rine readily admitted the theft of the Buick car on December 9, 1959, and signed a short statement which Lyons prepared.

The grand jury returned an indictment for the theft of the Buick car on February 8, 1960. On February 15 Rine was arraigned in the Intermediate Court on this indictment. He appeared with his attorney, Senator Arch W. Riley, who had been retained by Rine's grandfather sometime prior thereto. Riley requested that the matter be passed to the 19th of February, 1960, which was ordered. On February 19 Rine again appeared with his attorney and entered a plea of guilty to the indictment. The Court deferred the matter for sentencing. On March 11, 1960, Rine again appeared with his attorney, and the judgment of conviction, sentence and commitment complained of was entered.

Rine and his counsel make the following points:

1. The arrest in Pocahontas County without a warrant was illegal.

2. His confinement in the Marlinton jail for five days without a hearing or the appointment of counsel was a violation of due process.

3. The written confessions were obtained under duress and in violation of due process and induced his later plea of guilty.

4. Under West Virginia law the Juvenile Court had jurisdiction only to sentence Rine as a juvenile or to refuse jurisdiction. It had no statutory authority to hold Rine to the grand jury.

Taking these claims in order:

1. The arrest was on probable cause and clearly legal.

2. The confinement in the Marlinton jail was reasonable and necessary to hold an apparent probation violator for the court which placed him on that probation.

3. The confessions, including the written and signed statements, were wholly voluntary and were not obtained by any coercion, physical or mental. Even had this not been so the petitioner, at the time of his arraignment and plea, was represented by competent counsel, well qualified to advise the petitioner that confessions improperly obtained could not be used against him, and thus dispel any coercive effect of the existence of those confessions on the decision with reference to the plea. The plea of guilty was entered upon the advice of counsel.

4. The jurisdiction and authority of the Judge of the Juvenile Court to hold a preliminary hearing and fix bond returnable to a grand jury session is wholly a matter of state law. Due process, under the Fourteenth Amendment, does not even require the holding of a preliminary hearing, where probable cause is otherwise found. (See Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231.)

No substantial constitutional question is presented. The relief prayed for may be denied, and this cause dismissed.