George H. LAMOTHE

v.

Allan L. ROBBINS, Warden, Maine State Prison.

Civ. No. 6-174.

United States District Court
D. Maine, S. D.

Nov. 28, 1961.

Henry M. Fuller, Thomas E. Flynn, Portsmouth, N. H., for petitioner.

Richard A. Foley, Asst. Atty. Gen., for respondent.

GIGNOUX, District Judge.

This is a petition for a writ of habeas corpus by a prisoner presently serving a life sentence in the Maine State Prison. The sentence was imposed following petitioner's conviction upon his plea of guilty to the crime of murder, entered at the May, 1948 Term of the Lincoln County, Maine, Superior Court. His petition for habeas corpus, accompanied by an affidavit of poverty, was filed with this Court on February 3, 1961. It attacks petitioner's conviction and sentence upon the ground that he was denied due process of law in violation of the Fourteenth Amendment because: (1) There was an unreasonable delay between the time of his arrest and the time of his arraignment before a magistrate; (2) A confession which he signed shortly following his arrest was obtained by coercion and without a full explanation to petitioner of his rights; (3) He was inadequately represented by his court-appointed counsel; and (4) He did not understand the charge to which he was pleading when he tendered his plea of guilty.

To show compliance with the requirements of 28 U.S.C. § 2254 as to exhaustion of state remedies, petitioner relies upon the denial by two justices of the Maine Superior Court of two petitions for writ of error coram nobis encompassing essentially the same grounds for release as are now asserted before this Court. The first such petition was filed by petitioner, some ten years following his conviction, at the November, 1958 Term of the Lincoln County Superior Court, and was denied, on the merits, by Justice Rudman in an opinion dated January 31, 1959. Petitioner made no attempt to appeal from this denial. The second petition was filed by petitioner at the November, 1960 Term of the same court, and was dismissed, without hearing, by Justice Marden on January 7, 1961. By a further order dated January 16, 1961, Justice Marden denied petitioner the right to prosecute an appeal from his decision *in forma pauperis*, the order of denial reciting that although petitioner was without funds, the court was without authority to allow him to proceed at the expense of the state.

Being satisfied that, at least as of the date the instant petition was filed in this Court, there was no procedure by which petitioner, because of his poverty, could obtain a review by the Supreme Judicial Court of Maine of Justice Marden's order of dismissal, this Court concluded that petitioner had exhausted the remedies available to him in the courts of the State of Maine. Robbins v. Green, 218 F.2d 192, 195 (1st Cir., 1954); Duncan v. State of Maine, 295 F.2d 528, (1st Cir., November 2, 1961). The Court therefore granted petitioner leave to file and to proceed *in forma pauperis* upon his present petition. Counsel were appointed to represent petitioner at his request, and after several continuances at the request of petitioner and his counsel for time in which to prepare his case, a full hearing on the merits was held on August 15 and October 20, 1961.

At the hearing, petitioner was represented by his Court-appointed counsel and appeared as the sole witness in sup-

port of his allegations. Respondent was represented by an Assistant Attorney General of the State of Maine. Testifying for respondent were the Captain of the Maine State Police and the Special Investigator of the Maine Attorney General's Office, who had conducted the joint investigation leading to petitioner's arrest and ultimate conviction, and the former Attorney General of the State of Maine and the County Attorney of Lincoln County, who had been in charge of petitioner's prosecution in the Lincoln County Superior Court. It was stipulated that Justice Sewall, the presiding justice at the May, 1948 Term of the Lincoln County Superior Court, the Clerk of that Court, and George O. LaRochelle, Esq., the attorney who had represented petitioner at that time, were unavailable as witnesses because they had all died some years ago. It was further stipulated that there was no record of the May, 1948 proceedings in the Lincoln County Superior Court or of the coram nobis hearing before Justice Rudman.

The undisputed facts concerning petitioner's arrest and conviction are as follows: Petitioner, then 19 years of age and a member of the U. S. Air Force stationed at Dow Air Base, Bangor, Maine, was arrested in his barracks at approximately 2:30 A.M. on Saturday, December 6, 1947 by the Base Provost Marshal, the Maine State Police and the Sheriff of Lincoln County, Maine. He was taken directly to the State Police Barracks in Bangor, where he was interrogated, along with one Edward S. Wodarski, then 17 years of age and also a member of the U. S. Air Force stationed at Dow Air Base. The interrogation lasted, with several intermissions, until some time between 6:00 A.M. and 9:00 A.M. on Saturday morning, when petitioner signed a confession to the murder of one Rene Brown, committed on November 26, 1947. The details of this confession were amplified at subsequent interviews with petitioner on December 8 and 12, 1947, which were conducted by the Special Investigator of the State Attorney General's Office.

Petitioner was arraigned in the Lincoln Municipal Court at 9:00 A.M. on Tuesday, December 9, 1947. At his arraignment, petitioner tendered a plea of guilty, but the presiding judge entered a plea of not guilty in his behalf and ordered him held for the Lincoln County Grand Jury. Thereafter, on the second Tuesday of May, 1948 petitioner and Wodarski were jointly indicted for murder, and in a separate indictment, for robbery and larceny. On the morning of May 17, 1948, in the Lincoln County Superior Court, petitioner and Wodarski, in the presence of court-appointed counsel, entered pleas of not guilty to both indictments. In the afternoon of the same day, also in the presence of counsel, petitioner retracted his plea of not guilty and entered a plea of guilty to the murder indictment, and was sentenced to life imprisonment. At the same time, Wodarski entered a plea of guilty to the robbery and larceny indictment, and was sentenced to 10 to 20 years imprisonment.

I

 Petitioner's plea for relief because he was detained, as he alleges, for an unduly long time before his arraignment is wholly without merit. It is based upon McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). But the Supreme Court has repeatedly stated that the rule there applied is not a limitation imposed by the Constitution and is not applicable to state criminal proceedings. Culombe v. Connecticut, 367 U.S. 568, 601, 81 S.Ct. 1860, 6 L.Ed. 2d 1037 (1961); Stein v. New York, 346 U.S. 156, 187–188, 73 S.Ct. 1077, 97 L. Ed. 1522 (1953); Brown v. Allen, 344 U. S. 443, 476, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Gallegos v. Nebraska, 342 U. S. 55, 63–64, 72 S.Ct. 141, 96 L.Ed. 86 (1951). And even if the McNabb rule were to be converted into a Constitutional limitation upon the states, the facts in petitioner's case would not support its application. The McNabb rule is one against the *use* of confessions *obtained during illegal detention*, and it furnishes no basis for attack upon this

conviction based upon a plea of guilty in open court, particularly since petitioner makes no allegation that his confession induced the plea. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Furthermore, United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944) makes it clear that confessions made during the period immediately following arrest and before any delay in arraignment becomes unlawful are not to be excluded, even in the federal courts, under the rule of McNabb. See Culombe v. Connecticut, supra, 367 U.S. at 599, fn. 50, 81 S.Ct. 1860. By petitioner's own testimony, his confession was signed not later than 9:00 A.M. on the morning of his arrest, so that even if he was detained an unduly long time before his arraignment, any unlawful delay was after his confession and could not have been its cause. Cf. Gallegos v. Nebraska, supra, 342 U.S. at 69, 72 S.Ct. 149 (concurring opinion, Jackson, J.)

## II

■■ Petitioner attacks his conviction on the ground that his confession was obtained by coercion and without a full explanation of his rights. This contention is without substance because petitioner's conviction was based upon his plea of guilty some five months after his confession and the confession was never used against him. See Townsend v. Burke, supra, 334 U.S. at 738, 68 S.Ct. 1252. His only arguable position therefore must be that his plea of guilty was involuntary because it was induced by a confession which had been illegally obtained. See Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 100 L.Ed. 126 (1956). Petitioner makes no such allegation. Moreover, there is not the slightest evidence in this record that the circumstances of the confession in any way induced petitioner's subsequent guilty plea, or that his plea was not voluntarily entered after consultation with competent appointed counsel and with a full understanding of his rights under the law. Cf. United States v. French, 274 F.2d 297 (7th Cir., 1960);

Barnhart v. United States, 270 F.2d 866 (10th Cir., 1959); United States v. Morin, 265 F.2d 241 (3d Cir., 1959); Hall v. United States, 259 F.2d 430 (8th Cir., 1958), cert. denied, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680 (1959); Voltz v. United States, 196 F.2d 298 (5th Cir., 1952), cert. denied, 344 U.S. 859, 73 S.Ct. 99, 97 L.Ed. 667 (1952). Cf. Kent v. United States, 272 F.2d 795, 798 (1st Cir., 1959). But cf. Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 100 L.Ed. 126 (1956) and Application of Cicenia, 148 F.Supp. 98, 101 (D.C.N.J.1956), aff'd, *sub nom.* Cicenia v. Lagay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523a (1958).

. Even if the existence of the confession might conceivably have influenced petitioner in entering his plea, petitioner has adduced no substantial evidence to show that the confession itself was other than his free and voluntary act. There is no showing of physical mistreatment or mental duress, or of excessively prolonged questioning which might have had any coercive effect. Petitioner does not contend that he at any time requested counsel or other assistance, which was denied to him. He made no complaint that he was dissatisfied with his treatment by the law enforcement authorities to his counsel, to the prosecuting officials, to the trial judge, or in fact to anyone, until some ten years after his sentence. In summary, this record is wholly devoid of the factors discussed as indicative of coercion in Mr. Justice Frankfurter's recent opinion, Culombe v. Connecticut, 367 U.S. 568, 621–635, 81 S.Ct. 1860, 6 L.Ed. 2d 1037 (1961).

■ Petitioner's further allegation that he was not advised of his Constitutional rights merits little discussion. The testimony of the State Police Captain that he expressly warned petitioner of his Constitutional rights at the start of the first interrogation is corroborated by a written recital in the first paragraph of the confession itself. Furthermore, the Court has been presented no authority to support the proposition that a failure so to warn, in the absence of coercion,

would in itself invalidate a subsequent plea of guilty. In fact, even when a conviction is based upon a confession obtained without warning, the failure to warn is but one factor bearing upon the question of coercion. Culombe v. Connecticut, supra, 367 U.S. at 625, 630, 81 S.Ct. 1860.

## III

The next ground for relief asserted by petitioner is that he was inadequately represented by his court-appointed counsel because counsel was not appointed in time to perform his duties properly, because counsel was incompetent, and because counsel misled or coerced him concerning his plea of guilty.

At the outset, petitioner is confronted by Justice Rudman's holding, after a full hearing upon the 1958 writ of error coram nobis, that the evidence presented clearly indicated that petitioner had been represented by competent counsel during the period after arrest until sentence was imposed. This finding alone might dispose of petitioner's contention. Cf. Brown v. Allen, 344 U.S. 443, 458, 73 S. Ct. 397, 97 L.Ed. 469 (opinion of the court), and 500–508 (opinion of Frankfurter, J.) (1953); Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), and particularly the first opinion below, United States ex rel. Rogers v. Richmond, 252 F.2d 807 (2d Cir., 1958), cert. denied, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361 (1958) (per curiam).

However, even assuming that Justice Rudman's finding is not conclusive, petitioner's uncorroborated assertions, at this late date, as to lack of effective counsel or as to misleading advice or coercion by his counsel, are most unconvincing. This Court has been presented no substantial basis upon which to question the competence and good faith of Attorney LaRochelle, now deceased, who at the time of his representation of petitioner had been a member of the Maine Bar for 25 years. Although Mr. LaRochelle was not formally appointed by the court until May 17, 1948, the day upon which petitioner entered his plea of guilty, the record makes it clear that he had been obtained for petitioner, at his request, by a member of the Sheriff's Department prior to December 12, 1947 and had been functioning as petitioner's counsel during his detention and long before the Superior Court proceedings. Petitioner's statements that he first knew Mr. LaRochelle was his attorney on May 17, 1948 and that he never discussed with Mr. LaRochelle the facts of his case are contradicted by court records and correspondence in evidence, which clearly show that Mr. LaRochelle was acting as petitioner's counsel long prior to his formal appointment and that petitioner had discussed his case with him. This Court is satisfied that Mr. LaRochelle fully performed his obligations to petitioner, and that petitioner's allegations to the contrary have no basis in fact. The mere fact that petitioner in retrospect may now be unhappy about the advice he received does not show such failure of counsel as to amount to a denial of due process. See Diggs v. Welch, 148 F.2d 667 (D.C.Cir., 1945), cert. denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945); cf. Domenica v. United States, 292 F.2d 483 (1st Cir., 1961).

## IV

Petitioner's final contention is that his conviction should be set aside because he was not aware that he was pleading to the murder indictment when he returned to the courtroom on the afternoon of May 17, 1948 and entered his plea of guilty. While there is in existence no record of what actually took place in the courtroom on that day, petitioner does not deny that at the morning session of the court, both the indictment for murder and the indictment for larceny and robbery were read to him, and that after each was read, petitioner, in the presence of his counsel, pleaded not guilty to that indictment.

When petitioner returned to the courtroom in the afternoon, it seems probable that the indictments were not again read to him. However, Ralph W. Farris, Esq., who was Attorney General of the State of Maine in May, 1948 and who was present in the courtroom assisting the prosecu-

tion on the afternoon in question, testified in this Court that at the beginning of the afternoon session Mr. LaRochelle rose in open court and stated to the court that the petitioner, who was then present in court, wanted to change his plea and to plead guilty to the charge of murder. Mr. Farris stated further that the presiding justice then asked petitioner if he wanted to change his plea to the charge of murder, to which petitioner indicated the affirmative. Petitioner was then instructed to rise and enter his plea, whereupon he entered a plea of guilty.

This testimony is consistent with the testimony of Mr. Farris and that of James B. Perkins, Jr., Esq., who was County Attorney of Lincoln County at that date, and who was representing the State of Maine with Mr. Farris in this matter, concerning a conference held in the presiding justice's chambers prior to the afternoon session. Both testified that at this conference Mr. LaRochelle had stated petitioner's desire to plead guilty to the murder indictment and that the attorneys for the State had indicated they would have no objection to the court's acceptance of such a plea. Petitioner's unsupported testimony that he was unaware he was pleading to the murder indictment is not convincing and appears to be no more than an afterthought..

■ The Court is satisfied that the petitioner substantially understood the offense to which he was pleading and the effect of the plea which he entered. Therefore, the requirements of due process in this respect were met. See Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941).

Petitioner has been given a full opportunity to present evidence that his Constitutional rights have been violated. He has failed to sustain his burden.

It is therefore ordered that the petition be dismissed and the writ denied.

Henry M. Fuller, Esq., a member of the Maine and New Hampshire Bars, and Thomas E. Flynn, Jr., Esq., a member of the New Hampshire Bar, were appointed, at petitioner's specific request, to represent petitioner in this Court. They have ably presented the petitioner's case, both at the hearing and in written briefs and oral argument, and the Court wishes to express its appreciation of their valuable assistance.