Leonard CERNIGLIA

v.

UNITED STATES of America.

No. 64 C 701.

United States District Court
N. D. Illinois, E. D.

June 30, 1964.

Leonard Cerniglia, pro se.

Edward V. Hanrahan, U. S. Atty., for defendant.

PARSONS, District Judge.

Leonard Cerniglia has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court in Cause No. 63 CR 263. Leave was granted him to proceed in *forma pauperis*.

Petitioner was indicted under 18 U.S.C. § 659 for theft of two cartons of sport jackets having a value in excess of $100.-00 from an interstate shipment. Judgment was entered on a plea of guilty, and petitioner was committed to the custody of the Attorney General for a period of three years under 18 U.S.C. § 4208(a)(2) to be released on parole at such time as the Board of Parole may determine.

In his motion, petitioner requests a hearing on his claim that his plea of guilty was not voluntarily given by him, but was the result of promises of probation, and that said plea was obtained by illegal inducements.

There is no doubt that if the allegations contained in the motion are true, petitioner is entitled to have his sentence vacated. A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

The question arises as to whether petitioner is entitled to a hearing on his motion. Section 2255, Title 28 United States Code, requires that a District Court "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" *unless* "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

If the petition can be ruled on upon the basis of the record, then no hearing is required. Jones v. United States, 290 F.2d 216 (10th Cir. 1961); Cain v. United States, 271 F.2d 337 (8th Cir. 1959).

However, a hearing should not be denied simply because the Court may entertain a mere doubt as to the validity of petitioner's assertions. United States v. Taylor, 303 F.2d 165 (4th Cir. 1963).

■ Unless the ground for the application is clearly shown to be without merit on the record previously made, then a hearing must be held. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510 (1962); United States v. Paglia, 190 F. 2d 445 (2d Cir. 1951).

Thus, the question confronting this Court is whether the motion and the files and records of the case *conclusively* show that the petitioner is entitled to no relief.

After carefully reviewing the files and records in Cause No. 63 CR 263, the Court is of the opinion that the motion can be ruled on without a hearing on the basis of the record, and that the ground for the application is totally without merit.

At his arraignment on June 13, 1963, Cerniglia was represented by competent counsel and entered a plea of not guilty. Subsequently, he filed a motion to suppress evidence obtained as a result of an allegedly illegal arrest. A hearing on the motion was held on December 6, 1963, and it was denied. At that time, counsel for petitioner indicated that there might be a change in plea from not guilty to guilty. Trial was set for December 27, 1963.

On December 27, Cerniglia requested leave of Court to withdraw his plea of not guilty entered on June 13, and to enter a plea of guilty. Counsel represented to the Court that he had advised Cerniglia of his right to a trial by jury or by the Court and of the possible consequences of pleading guilty to the offense charged in the indictment.

■ In accordance with Rule 11, Federal Rules of Criminal Procedure, and recognizing that personal interrogation of the defendant is the better practice even when he is represented by counsel, the Court addressed the defendant personally in order to determine whether the plea of guilty was made voluntarily and with an understanding of the nature of the charge and the possible consequences of a guilty plea. The transcript of pertinent parts of that proceeding recites as follows:

"THE COURT: You heard your attorney tell the Court that it is your desire to withdraw a plea of not guilty heretofore entered and enter a plea of guilty to this one-count indictment?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that you need not do that, that you have a right to a trial by jury, and this is a right that is guaranteed to you by the Constitution and the laws of the United States and can't be taken away from you; if you give it up, you give it up voluntarily. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: And you understand further by entering a plea of guilty in this case you empower the Court, upon a finding upon the plea, the entry of judgment thereon to punish you—to assess—and we use the word "punishment", it is a word that is used throughout the statutes—to assess punishment by imprisonment anywhere up to 10 years and/or a fine anywhere up to $5,000. You understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: No threats or promises have been made to you to cause you to want to change your mind on this?

"THE DEFENDANT: (No audible response).[1]

---

1. Although there was no *audible* response, the fact that the Court proceeded as it did indicates sufficiently that the defendant shook his head in the negative. It is true that in situations such as this, it is advisable that the Court thereupon announce to the record that the defendant has indicated by the shaking of his head, or in whatever other manner he may have inaudibly indicated, that his answer to the question is in the negative. Nevertheless, considering the entire posture of this proceeding, the failure of the Court to "illuminate" the record is not sufficient to rebut the presumption that the Court was satisfied that the plea was entered voluntarily.

"THE COURT: And it is your desire to enter a plea of guilty?

"THE DEFENDANT: Right.

"THE COURT: Very well, let the record show that the defendant, after having been fully admonished and warned as to the consequences of his plea, chooses to enter a plea of guilty. The plea is entered knowingly and willfully. It will be received. The plea will be received. There will be a finding of guilty on the plea and judgment on the finding."

 The Court is further satisfied that there was a factual basis for the plea. See, Proposed Amended Rule 11, F.R.Cr. P., 34 F.R.D. 417 (1964). The extent to which a Court must inquire as to the factual basis for a plea of guilty will vary from case to case. In cases where the charge involves complicated facts, such as conspiracy in a scheme to defraud a bank, the Judge should inquire further to determine whether the defendant, in conversation with his attorney, had discussed possible factual and technical defenses, e. g., Statute of Limitations. In the present case, however, no additional inquiry was necessary, for at the hearing on the motion to suppress, substantial facts concerning the entire incident were elicited to satisfy the Court that defendant well knew that he had no further defense.

Being convinced that the plea of guilty was made voluntarily and with an understanding of the nature of the charge, that no threats or promises were made by the Government to cause petitioner to plead guilty, and that there was a factual basis for the plea, the Court granted leave to Cerniglia to withdraw his plea of not guilty and to enter a plea of guilty.

On February 13, 1964, petitioner appeared for sentencing. Evidence in aggravation was submitted by the Government showing that subsequent to the hearing on the motion to suppress held on December 6, and during the Christmas holiday rush, Cerniglia, while working at a factory, facilitated the theft of several additional packages of goods by placing false address labels on them so that they would be mailed to an accomplice.

In response to this revealing information, defense counsel stated, in mitigation, that defendant had a propensity for petty thievery like a sickness and lacked will power.

The Court inquired of petitioner whether the information was true, and asked whether he had anything to say. Cerniglia openly admitted his guilt of both the offense charged in the indictment and the subsequent offenses. He made no attempt to complain of any allegedly illegal inducements to plead guilty, but rather, himself, then sought to obtain probation.

 The fact that petitioner may have had the expectation that his plea would result in a lesser sentence is not sufficient ground, in the absence of evidence that the expectation was induced by the Government, for setting aside sentence and plea of guilty. United States v. Taylor, 303 F.2d 165 (4th Cir. 1962).

 As the Supreme Court in Machibroda wisely observed, "[t]he language of the statute does not strip the district courts of all discretion to exercise their common sense." 368 U.S. at 495, 82 S. Ct. at 514.

 In view of all facts and circumstances of the case the Court is compelled to affirm its prior finding that petitioner's plea of guilty was voluntarily given, with an understanding of the nature of the charge, that no threats or promises were made by the Government to cause him to plead guilty, and that there was a factual basis for the plea. Cf. Olive v. United States, 327 F.2d 646 (6th Cir. 1964).

 Even if the motion to suppress had been denied erroneously, it would not follow automatically that subsequent conviction based upon a plea of guilty would be a nullity. It is the law of the Seventh Circuit that a voluntary and intentional plea of guilty constitutes

a waiver of objections to prior proceedings, including alleged prior violations of the defendant's rights. United States v. French, 274 F.2d 297 (7th Cir. 1960). This is not a case where the plea of guilty is alleged to have been induced by prior police conduct. Cf. Watts v. United States, 107 U.S.App.D.C. 367, 278 F. 2d 247 (1960); United States ex rel. Staples v. Pate, 332 F.2d 531 (7th Cir. 1964).

The Court's action taken in this matter has been on its own initiative as a part of its duties with relation to all cases before it to determine, independent of the advice of counsel on either side, whether the motion under § 2255 and the files and records of the case raise a sufficient question to justify any further consideration of the matter. If not, the Court is empowered to deny the motion, and, in so doing, need not appoint counsel to represent the movant. The instant case is distinguished on its facts from, and respects faithfully, the mandate of the Seventh Circuit Court of Appeals in Campbell v. United States, 318 F.2d 874 (7th Cir. 1963), to the effect that a prisoner who files a § 2255 motion must not be denied the assistance of counsel.

■ Following the advice of the Judicial Conference Committee on Habeas Corpus that "it would promote orderly procedure if * * * appropriate legal assistance (were provided) for inmates of Federal penal institutions in the preparation of their § 2255 petitions," Report, 33 F.R.D. 367, 385 (1963), I am of the opinion that counsel should be appointed even where the movant fails to make such a request, as in the present instance.

■ However, it would appear unwise, and an unfair burden on the Federal Courts, to appoint counsel for every single § 2255 motion filed, no matter how vague, conclusory, or palpably incredible the allegations may be. The more desirable procedure would seem to be appoint-

ment of counsel in all § 2255 cases, except those where the motion is completely groundless or utterly and hopelessly frivolous. See, Note, 30 U.Chi.L.Rev. 583 (1963). Cf. Dillon v. United States, 307 F.2d 445 (9th Cir. 1962), and cases cited therein.[2]

 In view of the Court's finding that the motion was totally without merit, there was no justification either for appointment of counsel, or for a hearing on the motion.

Accordingly, the motion to vacate, set aside, or correct sentence imposed upon petitioner, and for a hearing on the issue of the voluntariness of the plea of guilty must be, and the same hereby is, denied.

And it is so ordered.

2. The test stated in De Maris v. United States, 187 F.Supp. 273, 275 (S.D.Ind. 1960), that in a habeas corpus proceeding challenging a Federal conviction,

there must be a "showing of compelling and meritorious grounds for the appointment of counsel"—seems somewhat too rigorous.