**Thomas Woodrow DIXON, Petitioner,**

v.

**K. B. BAILEY, Warden of Central Prison, State of North Carolina, Respondent.**

**Civ. No. 1709.**

United States District Court
E. D. North Carolina,
Raleigh Division.

Aug. 11, 1965.

Thomas Woodrow Dixon, pro se.

T. Wade Bruton, Atty. Gen., of N. C., by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

LARKINS, District Judge:

## SUMMARY

This cause comes before the Court upon a petition for a writ of habeas corpus filed in forma pauperis by a State prisoner, pursuant to the provisions of Title 28 U.S.C.A. § 2254. Issues were joined upon the respondent making answer and filing motion to dismiss.

Petitioner alleges that his rights guaranteed him by the Federal Constitution were denied him in the following particulars:

(1) "Physical and Mental Coercion before and during petitioners trial." He insists that he was "threatened with beatings and the gas chamber if he did not sign a confession and tender a plea of guilty."

(2) "Use of inadmissable evidence (statement) without benefit of counsel."

(3) "Prejudice caused by newspaper publicity."

(4) Further, the Presiding Judge of the Superior Court of Guilford County was prejudiced and could not hold a fair trial at his Post-Conviction Hearing due to this newspaper publicity referred to in No. (3) above.

## FINDINGS OF FACT

Petitioner is presently incarcerated in Central Prison, Raleigh, North Carolina, as a result of his plea of guilty at his trial to a charge of murder in the first degree (Guilford County Superior Court, July 1962 Term, Case No. 13676).

Petitioner entered a plea of not guilty to the charges, but after the State of North Carolina had presented all its evidence, counsel consulted with petitioner and petitioner's parents and it was then determined to enter a plea of guilty to the charge. This plea of guilty was then entered, the same being accepted by the court.

Petitioner contends that he was arrested on May 12, 1962 for driving under the influence of intoxicating beverages and was taken to the police station in Greensboro, North Carolina. He insists that at that time police officers set upon him and began beating him severely, whereupon in an attempt to defend himself, he seized one of the officers' service weapons and began firing, and an officer was shot and killed.

Petitioner further states he was hospitalized as a result of the fight over the weapon and while in the hospital he made statements to persons while police officers were present. He complains of these statements being admitted in evidence against him for the reason that no attorney was representing him or was present at that time.

Petitioner was heard on a Post-Conviction Hearing in the Superior Court of Guilford County, Greensboro Division, September 14, 1964 Term, Criminal Session No. 18252. He was represented at this hearing by court-appointed counsel.

Petitioner insists that the conduct of this hearing was unfair in that the court was prejudiced against him. He bases this contention upon the following:

"Because at the same time of the Hearing on the Petition. There was a State Trooper that got killed, and the publicity of all Newspapers in the State of N. C. gave and formed an opinion for the Honorable Judge.
* * *

"4. So by the Newspapers of N. C. and the statement of the Honorable Judge James F. Latham before the Hearing. I don't think that any Court would let a thing be done like this in N. C.

"'Petitioner had made arrangements for a lawyer before making any statement (see affidavit) and therefore, my case is in direct point with Escobedo v. State of Illinois, 375 U.S. 901, [84 S.Ct. 203, 11 L. Ed.2d 143].'"

The record, petition, response of the State of North Carolina, and the finding of the Superior Court in the Post-Conviction Hearing conducted by the Honorable James F. Latham, Judge Presiding, show the following facts.

Petitioner was arrested on May 12, 1962 by a Greensboro City Police Officer

Ford, the arrest being for operating an automobile while under the influence of intoxicants. Officer Ford was later found fatally wounded and within an hour of the time of the arrest.

At the time Officer Ford was found wounded, petitioner was still at liberty and remained at liberty some half hour longer. He was arrested and taken to Piedmont Hospital in Greensboro for treatment, and while in the hospital made statements to those treating him. These statements were made in the presence of police officers, and were later admitted into evidence against petitioner. There is no allegation nor evidence that these statements were in any way coerced or forced from petitioner.

That same night, and after the hospital treatments were completed, petitioner was returned to the Greensboro City Jail and given the opportunity to use the telephone. He contacted his wife at this time.

On May 23, 1962, petitioner was transferred from the city jail to the Guilford County Jail, at which time he waived preliminary hearing, and was bound over to the Superior Court of Guilford County for trial. The charges at that time were driving under the influence of intoxicants, assault with a deadly weapon (Officer Ford did not die until some 28 days after the shooting occurred, therefore, petitioner was not, at this time, charged with murder in the first degree), and careless and reckless driving.

Sometime in the latter part of May 1962, and after the wavier of hearing, petitioner, through his family, retained private counsel for his defense, and petitioner was, therefore, represented at his trial by this counsel and an associate counsel, who had ample opportunity to prepare for the trial, and did so.

At the trial, and prior to the State's conclusion of its evidence, counsel for petitioner conferred with petitioner and his parents, and they all advised petitioner to enter a plea of guilty at that time. He refused to do so, but upon the completion of the State's evidence, and after again conferring with his counsel and parents, petitioner tendered a plea of guilty to murder in the first degree. He tendered this plea after being advised of all the possible and probable alternatives, as well as maximum possible sentences he might receive (including death). In weighing the probabilities, it was counsels' learned opinion, in light of the State's evidence, to tender the plea of guilty, and petitioner then agreed.

It is a fact that the State did not provide counsel for petitioner, and he did not request it for his trial. He was regularly employed and was not indigent. He was given ample opportunity to employ counsel and he, in fact, contacted his wife by telephone shortly after he was arrested.

There is no evidence or allegation of fact, or indication from the record or pleadings to lead this Court to infer or find any coercion was used upon petitioner in order to have him make the statements about which he complains, or tender the plea of guilty. The competent advice of privately retained counsel, coupled with the advice of his parents, properly prevailed upon him. Even with this advice, petitioner did not enter the guilty plea until he had the opportunity to hear all the State's evidence against him. This is not the conduct of one operating under the influence of coercion or duress.

### CONCLUSIONS OF LAW

The question of whether or not the Court can rely upon the findings of the Superior Court of Guilford County in the Post-Conviction Hearing must first be disposed of. This must be done for the reason that petitioner has alleged the hearing was defective in that the court was prejudiced against him. If it appears that petitioner's hearing was so defective then this Court cannot rely on its findings. Townsend v. Sain, 372 U. S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). It is well settled that the Federal District Court must hold a habeas corpus hearing if the petitioner did not receive a full and fair evidentiary hear-

ing in the State court, either at the time of his trial or at a subsequent collateral proceeding such as a Post-Conviction Hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, supra; and Davis v. State of North Carolina, 310 F.2d 904 (4th Cir., 1962).

If the prisoner has received a full and fair hearing in the State court on substantially the same questions later put before the Federal court, a further hearing on these claims of unconstitutionality is unnecessary. Duckett v. Steiner, 332 F.2d 178 (4th Cir., 1964).

 Petitioner's claims of prejudice based upon newspaper accounts of a totally unrelated killing of a State Patrolman, and a statement made by the Court in reference to petitioner's case and a leading United States Supreme Court case, without more, are patently frivolous. This Court cannot use claims such as these as a basis for finding unfairness in the State court hearing, and this Court is not, therefore, compelled to ignore the findings previously made in the Post-Conviction Hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, supra; and Reickauer v. Cunningham, 299 F.2d 170 (4th Cir., 1962). The hearing was held in manner designed to reach the truth and petitioner is not entitled to another hearing on these same questions. Anderson v. State of North Carolina, 221 F.Supp. 930 (W.D.N.C. 1963); and Duckett v. Steiner, 332 F.2d 178, supra.

 Petitioner states that he suffered from physical and mental coercion, "before and during trial" to obtain statements from him, and to get him to plead guilty. If this were attempted, it was unsuccessful and gives him no grounds for complaint. No signed confession appears in evidence, nor did petitioner enter a plea of guilty until the State completed putting on its case. There is no evidence other than petitioner's bare allegations to indicate that the plea and statements were not voluntarily made. And it is not alleged that the statements induced his later plea. See Lamothe v. Robbins, 199 F.Supp. 855 (D.Me.1961), appeal dismissed in 303 F.2d 831 (1st Cir., 1961).

 The fact that petitioner made self-incriminating statements to persons which later were used in evidence, and that these were made prior to his obtaining legal counsel, does not bring such situation within the rule of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1963). See also, Ward v. Peyton, 349 F.2d 359, (4th Cir., 1965).

Those matters enumerated Nos. (3) and (4) in the SUMMARY above have previously been disposed of in the discussion on the fairness of the State Court Post-Conviction Hearing.

 The decision to enter the plea of guilty was made with the advice of competent legal counsel who must have considered the probability of going forward with the case and then attempting appeals, as well as the chances of ultimate success and the life at stake. The Court cannot, therefore, ignore the fact that a plea of guilty was voluntarily and intelligently made. Any irregularities which may have occurred prior to the time petitioner entered the plea may be considered waived if it appears that the plea of guilty was intelligently and voluntarily made. Cerniglia v. United States, 230 F.Supp. 932 (N.D.Ill.1964) and cases cited therein; and United States ex rel. Rine v. Boles, 206 F.Supp. 380 (N.D.W. Va.1962), affirmed in 305 F.2d 375 (4th Cir., 1962).

The record, petition and response indicate that the petition is without substance; that the statements were voluntarily made to persons other than police officials, and the plea of guilty was entered in the best interest of the petitioner.

## ORDER

Therefore, it is ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that the respondent's motion to dismiss be, and the same is hereby allowed.