Ivan PETWAY, Petitioner,

v.

Major M. L. STALLINGS, Caledonia Prison Farm, Tillery, N. C., Respondent.

Civ. No. 1771.

United States District Court
E. D. North Carolina,
Raleigh Division.

Dec. 1, 1965.

Ivan Petway, pro se.

T. Wade Bruton, Atty. Gen. of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

LARKINS, District Judge:

## SUMMARY

This cause comes before the Court upon a petition for writ of habeas corpus, filed in forma pauperis, by a State prisoner

pursuant to the provisions of Title 28 U.S.C.A. § 2254. Issues have been joined by the respondent who has filed Answer To Petition and a Motion To Dismiss.

The grounds on which petitioner bases his allegations that he is being held in custody in violation of the Constitution and laws of the United States are:

(1) "Was not confronted with accusers."

(2) "Has the right to be informed of the accusation; to confront accusers, and witnesses."

(3) "Relentlessy [sic] interogated [sic]—use of coercion denied to confer with counsel denied witnesses."

## FINDINGS OF FACT

The petitioner is presently confined at Caledonia Prison Farm in Tillery, North Carolina, as a result of his trial and sentencing in the Nash County, North Carolina, Superior Court. Petitioner was charged with the criminal offense of breaking, entering and larceny at the November 18, 1963 Term, in Case No. 10192. A plea of nolo contendere was entered by petitioner's counsel and the court imposed a sentence of incarceration in the State's Prison System for a period of from four (4) to seven (7) years.

Thereafter, petitioner was given a Post-Conviction Hearing at the May–June 1965 Term of the Superior Court of Nash County. He was again represented by court-appointed counsel. Petitioner has in no way attacked the validity and propriety of the conduct of this collateral hearing, and no grounds for such an attack appear from the transcript, record or pleadings.

Petitioner was represented by counsel in the State of New York in order to resist extradition proceedings prior to his return to North Carolina for trial. Petitioner fought this extradition with the assistance of New York counsel until such time as petitioner was confronted with the affidavits and evidence against him then existing in North Carolina and in relation to the offense herein in question. After petitioner and his New York counsel had the opportunity to examine the affidavits, it was determined to return to North Carolina to face trial. This decision to return is not attacked.

After agreeing to extradition upon the above-stated charges, petitioner's papers and documents were forwarded to the State of North Carolina and placed at the disposal of Mr. Roy C. Boddie, a competent, learned and experienced member of the North Carolina, Nash and Edgecombe County Bars. Attorney Boddie was requested by the judge of the Recorder's Court of Nash County to assist petitioner in his defense. The request was made to Attorney Boddie some two weeks prior to the time when petitioner's trial occurred.

Attorney Boddie was formally appointed as petitioner's counsel upon the opening of the November 18, 1963 Term of the Superior Court of Nash County by the judge presiding. Conferences had already been held between petitioner and Attorney Boddie wherein the case was discussed and a proper attorney-client relationship was established, with some difficulty on the part of petitioner's attorney. This difficulty was the result of petitioner's extensive, though misconceived, knowledge of the law, and his apparent attempt to dictate the processes of trial. It is clear that Attorney Boddie had familiarized himself with the case by means of examining the documents and conferring with petitioner.

Petitioner was advised by his attorney that in light of the evidence against him, he would be wise to enter a plea of guilty. Petitioner also had pending, at that time, a writ of habeas corpus in the State courts. He was advised that it would be wise to withdraw his petition and proceed to trial upon a plea. Petitioner was not happy with the prospects of entering such a plea, but upon reflection, and after numerous conferences with his attorney, consented to having his attorney enter a plea of nolo contendere on his behalf. This plea was entered only after it was fully explained to petitioner by his attorney. The court then accepted the plea, only after it further explained it and was satisfied by the petitioner that he under-

stood the consequences of a plea of nolo contendere, and was making the same freely and voluntarily, without any inducement of any kind, or upon any promises of leniency.

It is appropriate to note that included in the evidence against petitioner was a confession made by him openly and without threats of harm or inducements to him. Although petitioner contends the confession was made after a period of incarceration and only after being physically attacked, the facts and record clearly indicate it was made upon petitioner's own volition to officers of the City of Rocky Mount Police Department prior to the time petitioner was ever incarcerated in North Carolina. In fact, the confession appears to have been made spontaneously by petitioner while he was riding with these officers from Buffalo, New York to Rocky Mount, North Carolina, during the course of conversations with these officers.

 Petitioner has asserted he was assaulted and induced to make such a confession after a prolonged period of coercion. The evidence and testimony adduced at petitioner's Post-Conviction Hearing is to the contrary and petitioner's unsupported assertions are clearly outweighed by this evidence and testimony.

 The Court further notes that petitioner has alleged that he was not advised of the charges against him until the time he came on for trial. Such an allegation is totally without force when it is realized that petitioner, with the aid of counsel, resisted extradition to the State of North Carolina to face these very same charges.

## CONCLUSIONS OF LAW

 At the outset, the Court observes that the granting of a petition for a federal writ of habeas corpus to a state prisoner on the grounds that his conviction has been violative of due process does not preclude a new arraignment and trial in state court, or the taking of proper steps to hold the petitioner in custody or under bail pending the new trial. United States ex rel. Craig v. Myers, 329 F.2d 856 (3rd Cir., 1964). Petitioner prays for his release from custody and complete discharge from the offense under which he is incarcerated. This Court is not in a position to grant such relief. United States ex rel. Craig v. Myers, supra.

 As to petitioner's contention relating to his inability to confront the witnesses against him, and his contention the State did not present such evidence as to fully make out a case, it must be remembered that the judgment of conviction is based upon the plea and not upon the evidence of the case. Suarez v. United States, 328 F.2d 473 (1st Cir., 1964). It would have been of little benefit to petitioner, therefore, for the court to bring those witnesses which petitioner desired to confront, into court and have them testify. Petitioner had pleaded nolo contendere, which for purposes of the particular trial, was the equivalent to a plea of guilty, and the plea of guilty is equivalent to a conviction in North Carolina. State v. Wilson, 251 N.C. 174, 110 S.E.2d 813 (1959).

 It is apparent then that petitioner's contentions stand and fall on whether such a plea of nolo contendere was knowingly, freely and voluntarily made. If it was knowingly, freely and voluntarily made, any irregularities which may have occurred prior to the time such plea was made may be considered waived. See Farrar v. United States, 233 F.Supp. 264 (W.D.Wis. 1964); Cerniglia v. United States, 230 F.Supp. 932 (N.D.Ill.1964); and United States v. French, 274 F.2d 297 (7th Cir., 1960).

Although petitioner has directly attacked the plea of nolo contendere in that he insists he did not understand it, nor did he consent to it being made on his behalf, it appears from the record that these questions were fully explored by the Superior Court of Nash County, North Carolina, at the May–June 1965 Term pursuant to a Post-Conviction Hearing afforded petitioner wherein he was represented by counsel. Petitioner does not

attack the integrity of this hearing and it appears to have accorded petitioner a full opportunity to make his contentions known, and was conducted according to the North Carolina General Statutes 15–217 through 15–222.

The Superior Court specifically found:

"That Mr. Boddie had several further conferences with the petitioner prior to entering the plea and fully explained to the petitioner the proposed plea of nolo contendere. That the petitioner authorized the entry of said plea and understood the nature and effect of said plea and the consequences of such plea. That at the time the plea was entered, as appears by the official minutes of the court, the Court inquired of the petitioner as to the free and voluntary nature of the plea and the defendant (petitioner) stated he entered the plea freely and voluntarily after he had been advised of the consequences of the plea by his attorney."

■ This Court, under the circumstances of this case, is free to accept the findings of fact made by the State court after it offered petitioner a full day of hearings in a State Post-Conviction Hearing. That hearing clearly met the tests set out in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and its findings establish that petitioner's contention that his plea and confession were coerced is without substance. See Duckett v. Steiner, 224 F.Supp. 786 (D. Md. 1963), affirmed in 332 F.2d 178 (4th Cir., 1964).

■ The burden is upon the petitioner to prove, by a preponderance of the evidence, the alleged violations of his constitutional rights. Post v. Boles, 332 F.2d 738 (4th Cir., 1964). He failed to sustain this burden in the Superior Court in his State Post-Conviction Hearing, and he continues to fail in his petition here to show any reason for a hearing to be granted on these previously asserted contentions which were fully and properly explored in the State court.

ORDER

Therefore, it is ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that respondent's Motion to Dismiss be, and the same is hereby allowed.