Van R. **PAIGE**, Petitioner,

v.

**Fred R. ROSS, Major, Odom Prison, Respondent.**

**Civ. No. 1841.**

United States District Court
E. D. North Carolina,
Raleigh Division.

June 30, 1966.

Van R. Paige, pro se.

T. Wade Bruton, Atty. Gen. of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

OPINION and ORDER
SUMMARY

LARKINS, District Judge:

This cause comes before the Court as "the last button on gabe's coat," in a

---

8. See page 26, supra.

series of petitions and motions filed by this State prisoner, and filed in forma pauperis pursuant to the provisions of Title 28 U.S.C.A. Sec. 2254. Issues were joined upon respondent making answer and a motion to dismiss.

The grounds on which petitioner bases his allegation that he is being held in custody in violation of the Constitution of the United States are stated by him in his petition as follows:

"Invalid process for original trial.

"Counsel denied at some essential Stages of proceedings.

"Counsel denied to perfect original appeal petitioner was indigent and pauperis."

Petitioner filed, as an addendum to his petition, a document entitled *"Petitioner Defendant's Brief."* In this document he insists that he was denied a preliminary hearing, that the indictment upon which he was tried was "False, void and intended to defraud the State and Federal tribunals * * *" in that the Solicitor for the State forged the signature of the foreman of the Grand Jury, which returned the true Bill of Indictment, upon the indictment.

He further states in this addendum that the presiding judge at his trial conspired with the Solicitor "to place petitioner illegally in prison on or before said Forged Indictment." Petitioner then proceeds to attack the integrity and competency of his trial counsel, by accusing them of being a party to the above proceedings. He further insists that they failed to make various motions or develop a case properly for purposes of appeal.

Petitioner has also filed a third document in reply to the answer of the respondent entitled *"Ex Parte Motion For Counsel."* The gist of this last document is the contention that petitioner was denied the right to appeal from his conviction of September 1963 due to his financial condition as a pauper.

## FINDINGS OF FACT

Petitioner was first tried at the November 1957 Term of the Superior Court of Chowan County, for the offense of armed robbery. He pleaded not guilty, but was found guilty by the jury. Petitioner conducted his own defense, not being given the benefit of the assistance of counsel.

Thereafter, by means of petitions for a writ of habeas corpus, and by means of certiorari to the Supreme Court of the United States, he was granted a new trial. This Order for a new trial was issued on July 13, 1963, as a result of the United States Supreme Court decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Petitioner's new trial was set for the September 1963 Term of the Superior Court of Chowan County. Two attorneys were appointed to represent petitioner, the appointment being dated August 14, 1963. These two attorneys, upon being appointed, drove to the place of petitioner's incarceration, some sixty (60) miles distant, and conferred with him. They further conferred with him on two other occasions subsequent to the trip, but prior to his trial. (Tr., P.C. Hearing, pp. 30–36, 9/14/65) Petitioner advised his attorneys that he would rely upon the defense of alibi. In order to prove this defense he advised his attorneys of certain possible witnesses who had previously worked with the petitioner in Brooklyn, New York. At that time, petitioner was using an assumed name. Petitioner did not know the addresses of these witnesses, but advised his attorneys that all worked at a factory together, and that his wife would assist in locating these potential witnesses. The factory was found to have since closed or moved its location and could not be located or contacted although a diligent effort was made by the attorneys to do so. (Tr., P.C. Hearing, pp. 31–36, pp. 49–53, p. 64 and p. 70, 9/14/65). Petitioner's wife was contacted by telegram where she resided in New York, but she did not respond to the attorneys, nor did she lend any assistance.

Petitioner was retried and convicted at the September 1963 Term, upon his plea of not guilty and a finding of guilty by a jury. He was actually convicted

upon the testimony of two co-defendants. (Tr., P.C. Hearing, p. 59, 9/14/65).

Petitioner gave notice of appeal in open court and on November 26, 1963, a petition for a writ of certiorari to the Supreme Court of the State of North Carolina was denied by that Court. On April 14, 1964, the Supreme Court of North Carolina affirmed its denial of the writ of certiorari upon a writ of certiorari being denied petitioner by the Supreme Court of the United States.

Thereafter, beginning on September 14, 1965, a Post-Conviction Hearing was conducted on petitioner's behalf pursuant to the provisions of North Carolina General Statutes 15–217 through 15–222. At this hearing, which was conducted over two different days in order to accommodate petitioner, he was represented by counsel appointed by the Court. Petitioner expressed full satisfaction with the conduct of this attorney. (Tr., P.C. Hearing, p. 46, 9/14/65). At the Post-Conviction Hearing, there was explored the factual basis for all of petitioner's contentions such as his being denied competent counsel at his September 1963 Trial; the alleged failure to perfect his appeal from his conviction; improper bills of indictment and warrants; and, the general conduct of the trial and conviction. (Tr., P.C. Hearing, p. 7, 9/14/65; and pp. 3 and 4, 11/3/65). Petitioner was offered every opportunity to state any and all contentions and allegations he wished to present.

The Post-Conviction Hearing, which began on September 14, 1965, in Chowan County, and which was continued to its conclusion on November 3, 1965, in Perquimans County in order to facilitate the presentation of petitioner's contentions, was conducted fairly and patiently by the trial Court. It was conducted in a manner so as to arrive at the truth of all matters contended by petitioner, directly or by inference. As a result, the Court on November 3, 1965, ordered the petitioner to be returned to the custody of the State of North Carolina, and denied his contentions.

## CONCLUSIONS OF LAW

Those contentions offered by petitioner in his instant petition and related documents, going to the constitutionality of petitioner's trial of September 1963, have been fully, extensively and patiently explored by the Superior Court in a State Post-Conviction Hearing. There are other contentions made by petitioner but they obviously relate only to his original trial which was set aside in July of 1963, on the basis of the law enunciated in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, supra.

Petitioner now seeks a hearing upon questions which were previously considered by the State's courts, and upon which findings and conclusions were made. It has been previously stated by this Court, "[It] is free to accept the findings of fact made by the State court after it offered petitioner a full day of hearings in a State Post-Conviction Hearing." Petway v. Stallings, 248 F. Supp. 991 (E.D.N.C.1965); see also, Dixon v. Bailey, 246 F.Supp. 100 (E.D.N.C. 1965).

The conditions upon which this Court may accept the findings of a State court are set out in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Six particular tests are stated in that opinion, and it is clear, upon an examination of the record, petition and related documents, files, and transcript of the Post-Conviction Hearing given petitioner, that these tests were met. Petway v. Stallings, 248 F.Supp. 991, supra; and Doss v. State of North Carolina, 252 F. Supp. 298 (M.D.N.C.1966).

The burden is upon the petitioner seeking a federal habeas corpus under Section 2254, to prove, by a preponderance of the evidence, the alleged violations of his constitutional rights. Petway v. Stallings, 248 F.Supp. 991, supra; and Webster v. Dail, 246 F.Supp. 302 (E.D.N.C.1965). Petitioner has not borne that burden in this case when he has had substantially identical issues previously determined adversely to him in a State Post-Conviction Hearing, this

Hearing having been held in accordance with the standards required and enunciated in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, supra; Dixon v. Bailey, 246 F.Supp. 100, supra; and Doss v. State of North Carolina, 252 F.Supp. 298, supra.

### ORDER

Therefore, it is ordered that the petition for a writ of habeas corpus be, and the same is hereby denied.

It is further ordered that the respondent's motion to dismiss be, and the same is hereby allowed.