Joel C. BROWN, Petitioner,

v.

R. L. TURNER, Warden, and the State
of North Carolina, Respondents.

Civ. A. No. 1877.

United States District Court
E. D. North Carolina,
Raleigh Division.

Aug. 4, 1966.

Joel C. Brown, pro se.

T. Wade Bruton, Atty. Gen., of N. C. by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge, sitting by designation.

This cause comes before the court upon a petition for writ of habeas corpus, filed *in forma pauperis*, by a State prisoner pursuant to the provisions of Title 28 U.S.C. § 2254. Issues have been joined by the respondent who has filed Answer to Petition and a Motion to Dismiss.

The petitioner is at present incarcerated in Central Prison, Raleigh, North Carolina. He was tried in the Superior Court of Wake County in September of 1963 on charges of incest and carnal knowledge of a female child under the age of sixteen years, to which charges he pleaded guilty, and he was sentenced to a term of imprisonment of fifteen years on the first conviction and a term of five years on the second conviction, the sentences to run consecutively. The petitioner did not appeal this conviction, but in September of 1964 he petitioned for a Post-Conviction Hearing in the Superior Court of Wake County. In March of 1965 this hearing was held with the petitioner appearing in person and represented by court-appointed counsel. As a result of this hearing the court held that the petition should be denied. A petition to the Supreme Court of North Carolina for writ of certiorari was denied in May of 1966.

This petition was filed on June 23, 1966. The petitioner's allegations as to violations of his constitutional rights are brief and not entirely clear, but they seem to be that he was arrested without a warrant; that there was an unreasonable delay in taking him before a magistrate for a preliminary hearing; that he was questioned without the benefit of counsel and was not advised of his right to remain silent; and that his plea of guilty was the result of threats by a deputy sheriff to see that he received a long sentence if he did not plead guilty to the charges.

Since the petitioner alleges certain facts surrounding his arrest and trial which are denied by the State, it must first be determined whether this court must hold a hearing to investigate the petitioner's allegations. It is well settled that this court need not hold another hearing on the same questions which were before the State court if the petitioner has received in the State court a full and fair hearing as to the questions of fact. At the same time, if the petitioner has not received such a full and fair hearing this court would be obliged to grant him another hearing on his allegations. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). It appears from the record that in the Post-Conviction Hearing held in March of 1965 the petitioner, who was represented by counsel, testified at length as to his claims. There was also testimony by the officer who arrested him and by the attorney who represented him at his trial, both of these witnesses being examined by the petitioner's counsel. There is nothing to indicate that the petitioner received anything but a full and fair hearing at this time and, this

being the case, this court is at liberty to accept, and does accept, the findings of fact made by the court at this hearing.

As a result of this hearing and upon a consideration of the record as a whole the Superior Court of Wake County found the following facts:

1. That petitioner was arrested on August 25, 1963 * * * upon the charge of incest; that the said arrest was without a warrant, and although the arresting officer had reasonable grounds to believe the petitioner had committed the felony, there is no evidence before the Court showing that he had reasonable grounds to believe that petitioner would evade arrest if not immediately taken into custody; that there is no evidence tending to show that the outcome of petitioner's criminal trial would have been different if the officer had had a warrant at the time when he arrested petitioner.

2. That the aforesaid arrest of petitioner was made on a Sunday night [25th] and petitioner lodged in jail; that on the 27th of August, 1963, two warrants were issued by * * * a Justice of the Peace * * *; that both of said warrants were served on petitioner on the same day that they were issued.

3. That a preliminary hearing was had before said Justice of the Peace upon both warrants on September 1, 1963, probable cause was found, and petitioner was bound over to the Superior Court. * * *

4. That George M. Anderson, Esq., was appointed as counsel for petitioner to represent him upon said charges * * * the said order of appointment being dated September 3, 1963, but said counsel had already conferred with petitioner in jail before the date of this order and before the date of the aforesaid preliminary hearing, and petitioner was represented by said counsel at the preliminary hearing.

5. That at the time the said Deputy Sheriff * * * arrested petitioner

* * * he * * * informed petitioner of the accusation which his daughter had made against him, and on the next day petitioner was brought out of jail and into the presence of his child * * * and after said child had related the accusation against petitioner, he stated, 'I'm guilty.' That prior to this time, petitioner had not said anything to the officer about wanting a lawyer to represent him; that said officer did not threaten, intimidate, or coerce petitioner into saying that he was guilty of the charges, nor did said officer threaten to convict petitioner and cause him to get a more severe sentence if he did not plead guilty; that said officer did not tell the petitioner that he had a right to counsel.

6. That petitioner's counsel * * * is and was at the time of his representation of the petitioner a competent, capable, and experienced lawyer; that when he first conferred with petitioner, the latter advised him that he wanted to plead guilty to the charges against him; that said attorney explained the charges to petitioner, advised him as to the punishment therefor, and told him that if he were not guilty he should plead not guilty, but that he could either plead guilty or not guilty; that said counsel investigated the charges against petitioner and gave him adequate representation in the cases against him; that said counsel appeared for and on behalf of petitioner both in the preliminary hearing and at his trial in the Superior Court and followed petitioner's desires in entering for petitioner and in his presence in open Court a plea of guilty to the aforesaid charges; that after entering the said plea, counsel spoke before the Court in petitioner's behalf, bringing out such facts and circumstances as he thought might be for petitioner's best interest.

* * * * * *

8. That petitioner gave his said counsel consent to enter a plea of guilty

to the aforesaid charges voluntarily, intelligently, and understandingly.

Upon these facts, which this court believes to be supported by the evidence and to have been fully and fairly brought out, this court is of the opinion that the petitioner's constitutional rights have not been violated and that his request for relief must be denied.

 The allegation that there was an unreasonable delay in taking the petitioner to a magistrate is plainly without merit. Petitioner is obviously relying on the McNabb-Mallory rule which prohibits the use of evidence obtained as a result of illegal detention. However this rule is not one that has its basis in the Constitution, but is instead a rule which applies only to the Federal courts, not to the State courts. United States ex rel. Glinton v. Denno, 309 F.2d 543 (2d Cir. 1962), cert. denied 372 U.S. 938, 83 S.Ct. 886, 9 L.Ed.2d 769 (1963). Moreover, any harm which resulted to the petitioner from the detention would have been his confession or the effect his confession had on his plea of guilty, and since the confession was given the day after the petitioner was arrested, not during the illegal detention period, it could not be said to have been a product of the illegal detention so as to fall within the purview of the McNabb-Mallory rule. It is not the fact of illegal detention itself with which the rule is concerned but evidence obtained as a result of it. Lamothe v. Robbins, 199 F.Supp. 855 (S.D.Me.1961), aff'd per curiam 303 F.2d 831 (1st Cir. 1962). There is still a third reason why this allegation is without merit which will be taken up herein in connection with the other complaints of the petitioner, as this reason affects all of the petitioner's allegations.

 The petitioner alleges that he was questioned without counsel and was not advised of his right to remain silent. Presumably he relies on the recent cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided on June 13, 1966, and contends that his confession was improperly obtained under the authority of these cases. However, the case of Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, decided by the Supreme Court on June 20, 1966 makes it clear that *Escobedo* and *Miranda* are not retroactive and that where trials began before the effective dates of these cases, as did the petitioner's trial, any confessions obtained in connection therewith must be considered in the light of the test of voluntariness. There is nothing whatsoever to indicate that the petitioner's confession was anything but voluntary. Moreover, the court is of the opinion that even had it been an improperly obtained confession it would make no difference in this case, for the same reason mentioned earlier with reference to the unreasonable period of detention, which reason is yet to be discussed.

The allegation that the plea of guilty entered by the petitioner was the result of coercion by a deputy sheriff has been found to be unsupported by any evidence. This court has found, as did the State court, that it appears instead that the plea was entirely voluntary. And this brings up the point which this court believes would defeat the petitioner's other claims even were it not for the reasons already mentioned.

 It is true that the petitioner's plea of guilty would be void and his conviction thereon subject to collateral attack if the plea had been induced by promises or threats which deprived the plea of its nature of a voluntary act. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

 However it has been stated many times that where a plea of guilty in open court is made intelligently and voluntarily, the defendant thereby waives any irregularities which may have taken place before the plea. In such a case the conviction is on the plea of guilty itself and not on any evidence which may have been obtained by irregular procedures on the part of the police.

In the case of Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247 (1960) the court in considering this point said:

But if, having these effective defenses available, and protected by counsel, as here, he is found to have competently and intelligently entered his plea, that plea constitutes the highest form of voluntary choice known to the law—confession in open court. His election to forego available defenses precludes collateral attack. Here we can say, as we have said in the past, that the 'sentence and present confinement resulted not from * * * [the alleged infirmities] but rather from the judgment of conviction on his plea of guilty.' (cases cited.)

In cases such as this the only consideration need be whether the plea of guilty was in fact entered voluntarily and intelligently; if this be so, then aside from the other reasons for denying the petition such a plea of guilty must be held to have cured any irregular conduct which preceded it. The only reason the question of the confession need be considered, or that of the arrest, the period of detention, or the alleged threats of the deputy, is to determine the nature of the petitioner's plea of guilty. That is to say, even if the petitioner were otherwise correct in his allegations as to misconduct in his case, he would still have to show that this misconduct in some way affected his plea of guilty if he were to prevail. United States v. French, 274 F.2d 297 (7th Cir. 1960); United States ex rel. Staples v. Pate, 332 F.2d 531 (7th Cir. 1964); Barnhart v. United States, 270 F.2d 866 (10th Cir. 1959); Hall v. United States, 259 F.2d 430 (8th Cir. 1958), cert. denied 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680 (1950); United States v. Morin, 265 F.2d 241 (3d Cir. 1959); Lamothe v. Robbins, supra; Bloombaum v. United States, 211 F.2d 944 (4th Cir. 1954); Baker v. Bailey, 246 F.Supp. 131 (E.D.N.C.1965); Doss v. State of North Carolina, 252 F.Supp. 298 (M.D.N.C.1966); Petway v. Stallings, 248 F.Supp. 991 (E.D.N.C.1965); United States ex rel. Rine v. Boles, 206 F.Supp. 380 (N.D.W.Va.1962), aff'd in 305 F.2d 375 (4th Cir. 1962).

■ From an examination of the record it is clear to the court that the plea of guilty entered by the petitioner was proper in all respects. The petitioner had conferred with counsel, who was experienced in the handling of criminal cases, before his plea was entered. In fact, counsel kept the petitioner from entering a plea of guilty at the preliminary hearing as the petitioner wished to do. It appears that counsel explained the situation to the petitioner, including the maximum sentences he could be subject to under each charge, and told him that if he was not guilty then he should plead not guilty. The petitioner had ample time to change his mind concerning the way he wished to plead, but he said nothing to his attorney about any desires along this line. Also, he at no time mentioned anything to his attorney about the alleged coercion by the deputy. Instead it appears that the petitioner hoped that the sentences imposed on him would run concurrently, or that the sentences imposed on him would otherwise be more lenient than they were. He was mistaken in this and disappointed in the sentence he received, but in the absence of any evidence that his plea was not a proper one his dissatisfaction with the sentence he received is not a proper ground for relief from this court.

Therefore, it is hereby adjudged and ordered that the petition for writ of habeas corpus be, and the same is hereby denied. It is further ordered that the respondent's Motion to Dismiss be, and the same is hereby allowed. A certified copy of this opinion and judgment is directed to be sent to petitioner and to each of the respondents.