**Roy E. MURPHY**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 66–C–74–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Sept. 22, 1966.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

DALTON, Chief Judge.

The petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this court on March 20, 1964. At that time he was convicted, on a plea of guilty, of violating 18 U.S.C. 2312 (interstate transportation of a stolen motor vehicle) and was sentenced to serve three years in the Federal Penitentiary at Lewisburg, Pennsylvania. There was no appeal from this conviction.

In this petition Murphy alleges that he was not represented by counsel and that a waiver of his right to court-appointed counsel at the time of trial was not made

intelligently. The petitioner alleges that at the time he made his plea of guilty he was suffering from the effects of narcotics withdrawal and was confused. The petitioner says further that the court did not make careful inquiry as to the nature of the waiver of the guilty plea, that the court did not address the petitioner when the determination was made with respect to the plea of guilty, and that he was not informed of the benefits of counsel.

■ The court has considered the record of the case, including a tape recording of the proceedings of March 20, 1964, which tape recording is filed as a part of the record. In addition to the tape recording, the official court reporter reported the case and the stenographic notes are filed. Resort to the tape recording was made for the purpose of this Court refreshing its memory as to what occurred during the proceedings. As a result of this examination of the record, the court is of the opinion that the conviction and sentence of March 20, 1964, were plainly right and that the motion must be denied.

■ Under 28 U.S.C. § 2255 the court is not required to order a hearing if the record of the case shows conclusively that the prisoner is not entitled to relief. Cerniglia v. United States, 230 F.Supp. 932 (N.D.Ill.1964). Such is the situation in the case at bar. The tape recording of the proceedings of March 20, 1964, reveals the following: The prosecuting attorney first told the petitioner that he was entitled to an attorney and that one would be appointed for him if the petitioner wished. The petitioner said in answer to this that he would waive court-appointed counsel. The grand jury and indictment proceedings were explained to the petitioner and these were waived. The petitioner was then asked if he understood the charges against him, to which the petitioner replied affirmatively. The maximum penalty for the offense charged was explained and the petitioner asked if, with this in mind, he wished to enter a plea, if such a plea would be free and voluntary, and if anyone had made threats or promises to induce such a plea. With all of this in mind the petitioner entered a plea of guilty.

It would appear to the court that everything possible was done at this proceeding to insure protection of the petitioner's rights. The petitioner was informed of his right to counsel and he waived counsel. He entered a guilty plea freely and voluntarily. On the basis of the record, he will not now be heard to say that this was all a mistake and that the situation was not as it appeared to the court then and as it appears now. His only justification for saying that he was not dealt with fairly and justly would have to be connected with his allegation that the effect of narcotics withdrawal caused him to be confused and in pain. That allegation is very plainly without the slightest shred of evidence to support it. The court asked the petitioner at his trial if he had anything to say before he was sentenced. The petitioner replied that he thought his trouble stemmed from the fact that he had been a narcotics addict since 1954, and that he wished to bring this to the court's attention. In response to a question from the court, he added that he had had no narcotics while in the Roanoke jail which would mean that he had had no narcotics for a month. The court remarked to the defendant that he seemed to be getting along very well without the narcotics at that time, whereupon the petitioner replied, "Yes, I've pretty well gotten it out of my system now."

In the face of this the court does not see how the petitioner can seriously argue that the situation was as set forth in his petition.

The court finds the petitioner's motion to be wholly lacking in merit, and, therefore, it is hereby adjudged and ordered that the motion be, and the same is, hereby denied.